22051

The STATE, Respondent, v. Tommy McELVEEN, Appellant.

(313 S. E. (2d) 298)

Supreme Court

*John C. Lindsay, Sr.*, Bennettsville; *Hugh L. Cannon*, Hartsville; *Robert L. Kilgo, Sr.*, Darlington; and *S. C. Commission of Appellate Defense*, Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen. Harold M. Coombs, Jr.*, and *Staff Atty. Carlisle Roberts, Jr.*, Columbia; and *Sol. J. Dupre Miller*, Bennettsville, *for respondent.*

Heard January 23, 1984.

Decided March 1, 1984.

LEWIS, Chief Justice:

Appellant was indicted for the murder of Mrs. Peggy Byrd, the wife of a business associate; and appeals from his conviction of voluntary manslaughter and sentence to imprisonment for twenty-one (21) years. He charges prejudicial trial error (1) in the improper admission of character evidence and (2) in the alleged erroneous instructions to the jury relative to the law of trespass. We reverse and remand for a new trial.

Appellant was charged with killing Mrs. Byrd at the Byrd home on a night in March 1981. The undisputed facts are that the victim was fatally shot as she stood at the door of her home while appellant and her husband (Byrd) fought in the yard. The weapon was a rifle which no one in the case acknowledges having owned. Byrd claims that he never saw the gun until the night of the incident. His version is that he came home to find appellant, armed and waiting for him. Appellant contends that he arrived at the scene unarmed, hoping to discuss business matters, but that Byrd pulled the weapon from his car and a struggle ensued during which the weapon discharged, killing the victim. Appellant denied he owned the rifle, and offered witnesses who testified they had seen the weapon in Byrd's office.

The jury evidently accepted Byrd's version of the incident and concluded that appellant shot the victim, intending to shoot Byrd.

The first question concerns the alleged improper admission of character evidence. The ownership of the rifle was a very material issue in the trial. Appellant's wife testified she and appellant had lived together continuously and she had never seen him with a rifle. Her pertinent testimony was as follows:

Q. ... Mrs. McElveen, during the time that you have known Tommy [appellant] and the time that you have been married to him, have you lived together steadily from the time of your marriage to today?

A. Yes, sir, we've never been parted.

Q. Have you ever known him to own a rifle of any kind?

A. No, sir.

Q. Have you ever seen him with a rifle?

A. No, sir.

Q. Have you ever heard him say anything about using a rifle?

A. No, sir.

Subsequently, appellant's son was asked on cross-examination if his father, the appellant, had an affair with one Linda Sams. Counsel for appellant objected to the testimony, but the trial judge ruled that the previous testimony by the wife of continuous cohabitation with the appellant had placed appellant's character (as a loving and faithful husband) in issue. This ruling was in error.

The testimony of appellant's wife, that they had continuously lived together and had never seen the rifle in question, sought only to establish that he had never owned a rifle. The wife's testimony concerning the ownership of the weapon was made credible through her statement that they had always lived together. Testimony that appellant had an affair with another woman was totally irrelevant to the issue of the ownership of the gun or any other issue in the case.

Of course, the burden is upon appellant to show that the testimony in question was prejudicial. *State v. Motley*, 251 S. C. 568, 164 S. E. (2d) 569.

While the question of prejudice is a close one, we think the probabilities of prejudice from the mention or insinuation of adultery were such as to warrant a reversal on that ground. No reason appears to justify the mention by the State of the question of adultery which, common experience teaches, is calculated to prejudice. Appellant correctly contends that the attack on character was irrelevant and not justified by any testimony in the trial.

The final question relates to alleged error in the charge. The trial judge instructed the jury relative to the respective rights of a homeowner and a trespasser as follows:

... When one refuses to leave the residence or residence premises when ordered by the owner of the premises to do so, that person becomes a trespasser, and the owner may use such force as is reasonably necessary to expel that person from his premises.

I tell you further that even though a person has entered the residence-premises of another, even by invitation of the owner, if the owner concludes that ... the invitee's conduct is such as does not meet his approval, he is entitled to order that person to leave his premises, and the person thereupon refusing to leave, becomes a trespasser and is subject to the owner using such force as may be necessary to remove him from his premises.

There is no evidentiary support for the foregoing charge. The testimony shows that appellant and Byrd were business associates and each wanted to contact the other about business matters. There is a complete absence of any testimony that appellant was ordered to leave so as to change his status to that of a trespasser. The charge in question gave rise to the implication that there was some testimony which might warrant its application by the jury. We think that the injection of this irrelevant principle into the case carries a strong probability of prejudice to appellant and constitutes reversible error.

Judgment is accordingly reversed and the case remanded for a new trial.

LITTLEJOHN, NESS, GREGORY and HARWELL, JJ., concur.