22742

The STATE, Respondent v. James Coker MUNN, Appellant.

(357 S. E. (2d) 461)

Supreme Court

---

*James C. Cox, Jr.* of *Saleeby, Cox & Bledsoe, P.A.,* Hartsville, and *Ronald M. Childress* of *Childress and Mille,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Solicitor J. Dupre Miller,* Bennettsville, *for respondent.*

Heard May 5, 1987.

Decided June 22, 1987.

HARWELL, Justice:

Appellant was convicted of criminal sexual conduct in the second degree. We reverse and remand.

Appellant was indicted for criminal sexual conduct in the second degree pursuant to S. C. Code Ann. § 16-3-653 (1976). The trial judge charged the jury, however, only on criminal sexual conduct with a minor in the second degree pursuant to S. C. Code Ann. § 16-3-655(3) (1976). The jury returned a verdict of guilty.

A defendant in a criminal case is entitled to be tried only on the charges set forth in the indictment. S. C. Code Ann. § 17-19-10 (1976). The test of sufficiency of an indictment is whether or not it contains the necessary elements of the offense intended to be charged and sufficiently apprises the defendant of what he must be prepared to defend. S. C. Code Ann. § 17-19-20 (1976); *State v. Tabory,* 262 S. C. 136, 202 S. E. (2d) 852 (1974).

Criminal sexual conduct in the second degree, as set forth in the indictment, requires that an actor use aggravated coercion to accomplish sexual battery. The term "aggravated coercion" means that the sexual battery must occur under circumstances where the victim's consent is lacking. *State v. Cox,* 274 S. C. 624, 266 S. E. (2d) 784 (1980). Criminal sexual conduct with a minor in the second degree, the offense on which the jury was instructed, requires that an actor engage in a sexual battery with a victim who is at least fourteen years of age but less than sixteen years of age and the actor be in a position of familial, custodial, or official authority to coerce the victim to submit, or be older than the victim. Since Section 16-3-655(3) includes the additional element of an age requirement, it is not a lesser included offense of Section 16-3-653.

Appellant did not make an objection about this matter at trial. Defects in the indictment which are of such a fundamental character as to make the indictment wholly invalid are not subject to waiver by a defendant. 41 Am. Jur. (2d) *Indictments and Informations* § 299 (1968). Subject to certain minor exceptions not present here, the trial court lacks subject matter jurisdiction to convict a defendant for an offense when there is no indictment charging him with that offense when the jury is sworn. *State v. Beachum,* 288 S. C. 325, 342 S. E. (2d) 597 (1986); *State v. Hann,* 196 S. C. 211, 12 S. E. (2d) 720 (1940).

Appellant's "conviction" under Section 16-3-653 is reversed and remanded. There is no merit to appellant's argument that the state can not try him again. *See Montana v. Hall,* _____ U. S. _____, 107 S. Ct. 1825, 95 L. Ed. (2d) 354 (1987).

We wish to note for the benefit of the bench and bar that there is no rule allowing any and all statements made by the alleged victim to be admissible through

hearsay testimony as long as the victim testifies during the case. It is true that when the victim takes the stand and testifies, evidence that she complained of an assault may be introduced to corroborate her testimony. *State v. Cox,* 274 S. C. 624, 266 S. E. (2d) 784 (1980). This right is limited in nature, however. "The particulars or details are not admissible but so much of the complaint as identifies 'the time and place with that of the one charged' may be shown." *State v. Sharpe,* 239 S. C. 258, 272, 122 S. E. (2d) 622, 629 (1961).

Reversed and remanded.

NESS, C. J., GREGORY and FINNEY, JJ., and BRUCE LITTLE-JOHN, Acting J., concur.