23089

The STATE, Respondent v. RICHARD BARRETT, Appellant.

(386 S. E. (2d) 242)

Supreme Court

*John W. Harte,* Aiken, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Robert J. Harte,* Aiken, *for respondent.*

Heard May 2, 1989.

Decided Oct. 16, 1989.

CHANDLER, Justice:

Appellant Richard Barrett (Barrett) was convicted of criminal sexual conduct upon his eleven-year-old stepdaughter (Victim). We reverse and remand.

Prior to Victim's testifying at trial, the State presented Blanche Thomas, a DSS social worker, as a witness. Over Barrett's objection, Thomas was allowed to testify to the details of what Victim had told her concerning the incident. Barrett contends this constituted impermissible "bolstering" of Victim's testimony. We agree.

Ordinarily, when a witness has not been impeached, evidence of prior consistent statements is inadmissible. 4 Wigmore, Evidence § 1124 (Chadbourn rev. 1972); 98 C.J.S. *Witnesses* § 619 (1957); *see State v. Gilliam,* 66 S. C. 419, 45 S. E. 6 (1903); *State v. Thomas,* 34 S. C. L. (3 Strob.) 269 (1848). To this rule is an exception in criminal sexual conduct cases. When the victim testifies, evidence from other witnesses that she complained of the sexual assault is admissible as corroboration of the incident; how-

ever, the evidence must be limited to the time and place of the assault, and may not include particulars or details. *See, e.g., State v. Cox,* 274 S. C. 624, 266 S. E. (2d) 784 (1980); *State v. Harrison,* 236 S. C. 246, 113 S. E. (2d) 783 (1960); *State v. Dawson,* 88 S. C. 225, 70 S. E. 721 (1911); *State v. Suddeth,* 52 S. C. 488, 30 S. E. 408 (1898). This Court has recently cautioned bench and bar that the corroboration testimony is so limited. *See In re Robert M.,* 294 S. C. 69, 362 S. E. (2d) 639 (1987); *State v. Munn,* 292 S. C. 497, 357 S. E. (2d) 461 (1987).

Here, Thomas testified extensively to details of the sexual abuse reported by Victim. This error was exacerbated by the fact that, at the time Thomas testified, Victim's credibility was not subject to impeachment inasmuch as she had not taken the stand.

Although there was physical evidence suggesting the presence of sexual abuse, the State relied solely upon Victim's testimony to establish the details of the crime and the identity of the perpetrator. Other courts have held that improper bolstering constitutes reversible error under similar facts. *See, e.g., People v. Sanders,* 59 Ill. App. (3d) 650, 16 Ill. Dec. 814, 375 N. E. (2d) 921 (1978); *People v. Therrien,* 97 Mich. App. 633, 296 N. W. (2d) 8 (1979); *Smith v. State,* 100 Nev. 471, 686 P. (2d) 247 (1984).

The State contends that any error here was harmless[1] in that Thomas' testimony was merely cumulative to Victim's. To the contrary, it is precisely this cumulative effect which enhances the devastating impact of improper corroboration. Accordingly, admission of the evidence mandates reversal of the conviction.

Reversed and remanded.

GREGORY, C. J., and HARWELL and FINNEY, JJ., concur.

TOAL, J., dissenting in separate opinion.

TOAL, Justice (dissenting):

---

[1] This Court recognizes and has applied the harmless error doctrine in criminal prosecutions, including death penalty cases. *See State v. Truesdale,* 285 S. C. 13, 328 S. E. (2d) 53 (1984).

"It is a doctrine which should be employed *guardedly,* however, and on a case by case basis." *State v. Morris,* 289 S. C. 294, 297, 345 S. E. (2d) 477, 479 (1986) [Emphasis supplied].

I respectfully dissent from the majority, because I believe, for the reasons set out below, that any error in allowing Ms. Thomas' testimony was harmless.

It is well settled in this state that hearsay reports or complaints by the victim of sexual misconduct are limited in their admissibility. *In re Robert M.*, 294 S. C. 69, 362 S. E. (2d) 639 (1987); *State v. Munn*, 292 S. C. 497, 357 S. E. (2d) 461 (1987); *State v. Cox*, 274 S. C. 624, 266 S. E. (2d) 784 (1980); *S. C. Dept. of Soc. Services v. Doe*, 292 S. C. 211, 355 S. E. (2d) 543 (Ct. App. 1987). In order for a victim's prior out-of-court statements to become admissible as corroboration by prior consistent statements, the victim must first testify. *State v. Cox*, 266 S. E. (2d) 784 (1980). In the event corroborative hearsay statements become properly admissible, their admissibility is nevertheless limited to so much of the corroborating complaint or report as identifies the time and place with that of the misconduct charged. *Id.; State v. Munn*, 357 S. E. (2d) 461 (1987).

A defendant seeking reversal of his conviction based upon the trial court's error in admitting evidence has the burden of showing that the trial court erred in admitting the evidence and that the erroneously admitted testimony was prejudicial. *State v. McElveen*, 280 S. C. 325, 313 S. E. (2d) 298 (1984). Specifically, the improper introduction of hearsay constitutes reversible error only if its admission is prejudicial to the defendant. *State v. Mitchell*, 286 S. C. 572, 336 S. E. (2d) 150 (1985); *State v. Brown*, 286 S. C. 445, 334 S. E. (2d) 816 (1985). Improperly admitted hearsay which is merely cumulative to other properly admitted evidence may be harmless error. *State v. Blackburn*, 271 S. C. 324, 247 S. E. (2d) 334 (1978) (trial court's error in admitting victim's hearsay statements under *res gestae* exception held harmless where statements were merely cumulative to state's other evidence).

Whether trial errors are harmless depends upon the circumstances of the particular case. The materiality and prejudicial character of the error must be determined from its relationship to the entire case. Trial errors are harmless where they could not reasonably have affected the result of the trial. *State v. Mitchell*, 286 S. C. 572, 336 S. E. (2d) 150 (1985).

The State sought to introduce the victim's hearsay reports to Ms. Thomas at trial as corroborative evidence under the hearsay exception. The majority opinion correctly identifies two errors in the trial court's admission of this testimony. First, Ms. Thomas testified prior to the child taking the stand. Second Ms. Thomas's testimony went slightly beyond the portion of the victim's report identifying the time and place of the alleged misconduct.

The portions of Ms. Thomas' testimony to which defendant objects follow in full. Ms. Thomas was asked about her first interview with the victim and testified:

> She told me that she had been visiting in her mother's home with her mother and step-father, Frances and Richard Barrett, and that on several occasions she had spent the night and that during the overnight visits that when she got ready to go to sleep that her mother often told her step-father, Richard, to get down on the pallet with her on the floor, the mattress on the floor, and that he would get down there and sleep with her and that during these times he had been bothering her by fondling and also by digital penetration and also on two occasions, penetration of the penis.

With regard to a subsequent meeting with the victim, Ms. Thomas testified:

> She told pretty much the same information she had told in the initial interview that Mr. Barrett had sexually fondled her and attempted penetration on two different occasions and that she was scared and she also talked about it being close to Easter and spring break and she talked about not being able to tell anybody because she did not feel like she could tell Frances because she felt Frances would believe everything Richard said and not believe her. She didn't feel like she could talk to the grandmother about anything sexually related.

The majority of the above-quoted portions of Ms. Thomas' testimony deals directly with proper subjects of corroboration evidence. Ms. Thomas testified the time the charged misconduct occurred: around Easter and spring break, during overnight visits with the child's mother and stepfather,

when the child got ready to go to sleep. Ms. Thomas testified as to the place of the charged misconduct: the child's mother and stepfather's home, on a mattress on the floor. Ms. Thomas testified only briefly about the actions of which the victim was complaining: digital and penile penetration. As I read the testimony, the only portions which fall outside this Court's previously established limitations on corroborative evidence in these types of cases are the portions dealing with the victim's identification of the defendant as the perpetrator, the victim's mother having instructed the defendant to lie down with him, and the victim's fear of disclosing what was happening to those around her.

Viewing the Thomas' testimony as if it had occurred following the victim's, the portions of the testimony which fell outside the limitations as to time and place were not prejudicial to the defendant. Defendant did not claim the victim misidentified her assailant, he simply claimed the events never happened. In view of the overwhelming testimony, reviewed below, that sexual abuse did in fact occur, the identification of defendant in Ms. Thomas' testimony was not prejudicial. Likewise, the portions of Ms. Thomas' testimony dealing with the victim's mother's instructions and the victim's fear are innocuous and could not have prejudiced defendant. Ms. Thomas' testimony was not the type of detailed discussion which I believe the rule seeks to exclude, as it dealt, except for a small portion, with proper subjects for corroborative evidence.

The question remains whether defendant was prejudiced by the trial court's error in allowing Ms. Thomas to testify prior to the victim. In view of the overwhelming evidence of sexual abuse presented by the testimony of two experts and the victim herself, I believe the trial court's error was harmless.

A nurse midwife testified she examined the eleven year old child approximately a month following the alleged abuse and found the child's genitalia to be extremely red, swollen and infected. The midwife performed three different tests, all of which indicated the child was infected with a sexually transmitted disease. The midwife treated the child with antibiotics and the condition cleared.

A medical doctor specializing in child abuse examined the child approximately one month later. This expert testified

regarding the history taken from the child including the child's reports of abuse and the physical manifestations supporting her opinion that the child had been sexually abused. These manifestations included the sexually transmitted disease and resulting inflammation as well as scarring on the inside of the child's vagina from a wound, which the expert testified was "probably moderately deep."

The child testified at length about the incidents. Without belaboring the details of her testimony, suffice it to say, her testimony completely and graphically covered all of the details to which Ms. Thomas testified.

Thus, Ms. Thomas's testimony was merely cumulative to the child's properly admitted testimony.

In view of the fact the significant portion of Ms. Thomas' testimony would have been admissible had it been offered subsequent to the child's testimony, and was merely cumulative, and in view of the fact overwhelming physical evidence of abuse presented by expert testimony, the trial errors did not prejudice the defendant nor could they have reasonably affected the jury's verdict. I would affirm defendant's conviction.