23107

The STATE, Respondent v. Mel PFIRMAN, Appellant.
(386 S. E. (2d) 461)

Supreme Court

*Deputy Chief Atty. Elizabeth C. Fullwood* and *Asst. Appellate Defender Joseph L. Savitz, III, S. C. Office of Appellate Defense,* Columbia, *for appellant.*

---

[1] 373 U. S. 83, 83 S. Ct., 1194, 10 L. Ed (2d) 215 (1963).

*Atty. Gen. T. Travis Medlock, Asst. Atty. Gen Harold M. Coombs, Jr.,* and *Sol. James C. Anders,* Columbia, *for respondent.*

Heard Oct. 3, 1989.

Decided Dec. 4, 1989.

GREGORY, Chief Justice:

Appellant was convicted of armed robbery and sentenced to twenty-one years imprisonment. We reverse and remand for a new trial.

Appellant was arrested for robbing a convenience store while armed with a knife. During questioning, appellant told police officers that his cousin, Oliver Goff, committed the robbery. Goff was also arrested. He gave a statement indicating appellant robbed the convenience store while he, Goff, acted as lookout and that after the robbery appellant gave Goff the knife and stolen money.

At appellant's trial, the State called Goff as a witness. Before Goff took the stand, the solicitor informed the court he expected Goff would be uncooperative because he had already told the solicitor he did not want to testify and would deny his statement. Goff testified he did not remember the night in question because he was intoxicated, nor did he remember giving a statement to police. Over appellant's objection, the State was allowed to introduce Goff's statement into evidence through the testimony of the police officer who questioned Goff upon his arrest.

It is well-established that the State may not impeach its own witness through a prior inconsistent statement unless the witness is first declared hostile upon a showing of actual surprise and harm. *State v. Bailey,* 298 S. C. 1, 377 S. E. (2d) 581 (1989); *State v. Hamlet,* 294 S. C. 77, 362 S. E. (2d) 644 (1987). Undeniably, the State could not have shown surprise in view of the solicitor's statement to the court anticipating Goff would be uncooperative. The trial judge concluded, however, the statement was admissible as substantive evidence under *State v. Copeland,* 278 S. C. 572, 300 S. E. (2d) 63 (1982). This was error.

Under *Copeland,* a prior inconsistent statement may be used as substantive evidence when the declarant

testifies at trial and is subject to cross-examination. When, however, the declarant refuses to admit the statement imputed to him, the accused is denied effective cross-examination in violation of his confrontation rights. *Douglas v. Alabama,* 380 U. S. 415, 85 S. Ct. 1074, 13 L. Ed. (2d) 934 (1965); *see also State v. Hester,* 137 S. C. 145, 134 S. E. 885 (1926). We therefore hold Goff's statement was not admissible as substantive evidence under *Copeland.*

We need not address appellant's remaining exceptions. Accordingly, the judgement of the circuit court is reversed and the case is remanded for a new trial.

Reversed and remanded.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.