## 23323

Tom SIMPKINS, Petitioner v. STATE of South Carolina, Respondent.

(401 S.E. (2d) 142)

Supreme Court

*Assistant Appellate Defender Franklin W. Draper* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Staff Atty. Marshall Prince,* Columbia, *for respondent.*

Heard Dec. 14, 1990.

Decided Feb. 4, 1991.

GREGORY, Chief Justice:

Petitioner was convicted at the age of seventy-four of first degree criminal sexual conduct with a minor. He was sentenced to eight years imprisonment. On direct appeal, his conviction was affirmed pursuant to Supreme Court Rule 23. This

appeal is from the subsequent denial of post-conviction relief (PCR). We reverse.

Petitioner was charged with committing criminal sexual conduct upon his eight-year-old daughter. The assault allegedly occurred in the family's home on the day of the child's mother's funeral in 1983. At the time of trial in November 1986, the victim was eleven years old. On direct examination, the solicitor sought to elicit testimony from her regarding what petitioner had done to her on that day. The child gave no response or responded negatively to the Solicitor's repeated questions regarding a sexual assault by petitioner. The only information the victim gave was that she had been "touched" by someone and "it hurt."

Trial counsel then attempted to cross-examine the child. He received no response to questions regarding a sexual assault by petitioner. The following exchange occurred:

> Q. When you told the solicitor that your father didn't do it a few minutes ago, you shook your head, was that the truth? Yes, Tammy?
> A. (Witness shook her head in the negative.)
> Q. What's the truth?
> A. I told her.
> A. You told her.

The child's guardian ad litem, Lillian Hammack, then took the stand. Although the record is not clear, Ms. Hammack was apparently the person to whom the victim referred in saying, "I told her." Ms. Hammack related a conversation she had with the child in encouraging her to talk about the alleged assault. Ms. Hammack testified:

> And I said we need to know what happened in this room. The child said he did it to us and I said who did what to you. She said he did it to us. I said, who did what to you? She said, he did it to us, me and my sisters. I said what did he do to you? She said he messed with me. I said what do you mean messed with you?
> He put his hands down there and his thing down there. I said, all right we know that somebody did do something that hurt you, but we need to know who did this. She said he—

At this point, counsel objected but Ms. Hammack was allowed to continue:

> I specifically asked her, I said, we know that something bad happened and we know that you were hurt and we must know who did it. She repeated again, once if not twice, he did it. I said we have to know who he is. She said my father. I said, I'm sorry would you repeat it. I said, all right we understand. I said we need to know an approximate time, a date or something when these bad things happened and she immediately said the night of my momma's funeral, he locked [her brother] out of the house and he did it to us then.

> Q. Ms. Hammack, did she identify any other person as having done these things to her?
> A. No. I asked her specifically about other people.

No other incriminating evidence was produced at trial except expert medical testimony indicating the child had been a victim of sexual abuse. Trial counsel appealed petitioner's conviction but did not raise any issue regarding Ms. Hammack's testimony. Petitioner subsequently sought PCR on the ground counsel was ineffective in failing to raise this issue on appeal.

The rule against hearsay prohibits the admission of evidence of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies. *State v. Lewis*, 293 S.C. 107, 359 S.E. (2d) 66 (1987). There is a well-settled exception in criminal sexual conduct cases to allow limited corroborative testimony. When the victim testifies, evidence from other witnesses that she complained of the sexual assault is admissible in corroboration, limited to the time and place of the assault and excluding details or particulars. *See State v. Barrett*, 299 S.C. 485, 386 S.E. (2d) 242 (1989); *State v. Munn*, 292 S.C. 497, 357 S.E. (2d) 461 (1987); *State v. Cox*, 274 S.C. 624, 266 S.E. (2d) 784 (1980); *State v. Harrison*, 236 S.C. 246, 113 S.E. (2d) 783 (1960). In this case, contrary to the trial judge's ruling, Ms. Hammack's testimony falls outside the limited corroborative testimony allowable under this exception since she supplied the *only* testimony regarding the identity of the perpetrator and the details of the incident. This was not corroborative testimony.

Further, the mere fact the declarant (the victim) testified in this case does not cure the error in admitting Ms. Hammack's hearsay testimony. *Cf. State v. Caldwell*, 283 S.C. 350, 322 S.E. (2d) 662 (1984) (hearsay prohibition does not apply if the declarant testifies and is available for cross-examination). The victim refused to accuse petitioner and in effect declined to admit the out-of-court statement attributed to her by Ms. Hammack. Petitioner was denied effective cross-examination of the victim regarding this crucial evidence supplied by Ms. Hammack. *Cf. State v. Pfirman*, 300 S.C. 84, 386 S.E. (2d) 461 (1989). We therefore conclude the admission of Ms. Hammack's testimony unfairly prejudiced petitioner and constituted reversible error.

Having concluded the issue of Ms. Hammack's testimony was a meritorious one which would have entitled petitioner to reversal on direct appeal, we find counsel's patent omission in failing to raise the issue clearly establishes ineffective assistance. *State v. Carter*, ___ S.C. ___, 392 S.E. (2d) 184 (1990). The judgment of the PCR judge is

Reversed.

HARWELL, CHANDLER, FINNEY and TOAL, JJ., concur.