1618

The STATE, Respondent v. Lester JOLLY, Appellant.

(402 S.E. (2d) 895)

Court of Appeals

*Asst. Appellate Defender Tara Dawn Shurling,* of *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Atty. Gen. T. Travis Medlock, Asst. Attorneys General Harold M. Coombs, Jr.,* and *Amie L. Clifford,* Columbia, and *Sol. Randolph Murdaugh, III,* Hampton, *for respondent.*

Heard Jan. 17, 1991.

Decided Feb. 25, 1991.

SANDERS, Chief Judge:

Appellant Lester Jolly was convicted of criminal sexual conduct in the first degree (i.e., sexual battery where the victim is less than eleven years of age). The single issue presented on appeal is whether the conviction should be reversed because the trial judge allowed "hearsay testimony." We affirm.

This is a horror story. The victim is a child. She was twelve years old at the time of trial. When she was in the third grade, she moved from the home of her mother to that of her maternal grandmother. Her grandmother lived in a house trailer. Also living in the trailer were two of her uncles and her grandmother's husband. When asked why she did not live with her mother, she replied, "I wanted to stay at my grandmother's so I could help out."

The child did not come back to live with her mother until about the time she entered the fifth grade. For two weeks, she complained of severe abdominal pain. Her mother finally took her to a doctor. Her female organs were found to be "a solid pelvic mass." Her condition was diagnosed as "life-threatening." A complete hysterectomy was performed. Cultures taken during the course of surgery revealed that she had gonorrhea, a venereal disease transmitted through direct sexual contact.

The child's two uncles were charged with criminal sexual conduct. One uncle pleaded guilty. The other was convicted. Her grandmother's husband was also charged and convicted. He is Lester Jolly, the appellant in this case. The child calls him "granddaddy."

At trial, the child testified that Jolly repeatedly engaged in sexual intercourse with her. No useful purpose would be served by quoting her testimony. Suffice it to say that she testified explicitly and graphically. On cross-examination, however, she admitted that, on a prior occasion, she told a relative it was her uncles, not Jolly, who had abused her.

Two witnesses testified the child made prior out-of-court statements consistent with her testimony that Jolly abused her. One of the witnesses, a social worker, testified that immediately after the surgery the child said Jolly "messed with her." Jolly objected on the ground that the prior statement was hearsay. The trial judge overruled his objection. The other witness testified that the child previously said the same thing to him. For some reason, Jolly did not object to his testi-

mony. Nor does he present any issue on appeal regarding the testimony of this witness. Rather, he argues only that the trial judge erred in allowing the testimony of the social worker and that his conviction should be reversed for this reason.

Even where a witness testifies, not every prior out-of-court statement of the witness is admissible. *State v. Munn*, 292 S.C. 497, 357 S.E. (2d) 461 (1987). Our Supreme Court has recognized two exceptions to the rule against hearsay which allow prior consistent statements of a witness to be admitted. The first exception is where the witness has been impeached by proof that the witness has made a prior inconsistent statement. *Burns v. Clayton*, 237 S.C. 316, 117 S.E. (2d) 300 (1960). In this situation, proof is allowed that the witness made a prior consistent statement; provided, however, that the prior consistent statement must have been made before "the existence of [the] relation [of the witness] to the cause." *Id.* at 337, 117 S.E. (2d) at 310. The second exception is where the victim in a criminal sexual conduct case testifies. *State v. Barrett*, 299 S.C. 485, 386 S.E. (2d) 242 (1989). In this situation, evidence that the victim previously complained of the assault is admissible; provided, however, that "the evidence must be limited to the time and place of the assault, and may not include particulars or details." *Id.* at 487, 386 S.E. (2d) at 243.

Jolly argues that neither exception is applicable here. He argues that the first exception is inapplicable because the child's prior statement to the social worker was not made before her "relation to the cause." He argues that the second exception is inapplicable because the prior statement was not "limited to the time and place of the assault." It is unnecessary for us to address his arguments directly because we are convinced that any error in admitting evidence of the prior consistent statement was harmless.

A defendant seeking reversal based on error in the admission of evidence has the burden of showing that the evidence was prejudicial. *State v. McElveen*, 280 S.C. 325, 313 S.E. (2d) 298 (1984). Errors are harmless where they could not reasonably have affected the result of the trial. *State v. Mitchell*, 286 S.C. 572, 336 S.E. (2d) 150 (1985). "[T]he materiality and prejudicial character of the error must be deter-

mined from its relationship to the entire case." *Id.* at 573, 336 S.E. (2d) at 151. Our Supreme Court has affirmed criminal cases, including death penalty cases, based on harmless error. *E.g., State v. Truesdale*, 285 S.C. 13, 328 S.E. (2d) 53 (1984), *cert. denied*, 471 U.S. 1009, 105 S. Ct. 1878, 85 L. Ed. (2d) 170 (1985), *reh'g denied*, 471 U.S. 1120, 105 S. Ct. 2370, 86 L. Ed. (2d) 268 (1985). The improper admission of hearsay constitutes reversible error only if its admission is prejudicial. *Mitchell*, 286 S.C. 572, 336 S.E. (2d) 150. Improperly admitted hearsay which is merely cumulative to other evidence may be viewed as harmless. *State v. Blackburn*, 271 S.C. 324, 247 S.E. (2d) 334 (1978).

The testimony of the social worker as to what the child told her consisted of no more than five lines in the trial transcript. Her testimony was cumulative to the testimony of two other witnesses, one of whom was the child herself. The essential factual issue in the case was whether the child was telling the truth when she said Jolly abused her. In deciding this issue, the jurors had the opportunity of seeing and hearing her as she testified, explicitly, graphically and under oath. They had the further opportunity of observing her as she was cross-examined on her testimony. If the jurors were unconvinced after having had these opportunities to judge the child's credibility, surely they would not be convinced based on five lines of testimony that she previously said Jolly "messed with her." Moreover, the testimony of the social worker was exactly the same as the testimony of the other witness who also testified, without objection, that the child had previously told him Jolly "messed with her."

In *State v. Barrett*, the defendant, like the defendant in the instant case, was convicted of criminal sexual conduct. The victim, like the victim in the instant case, was a child. There, as here, a social worker testified to what the child had told her regarding the crime. The court reversed, rejecting the argument that admission of the prior out-of-court statement was harmless. That case is, nevertheless, distinguishable from this case. There, unlike here, the social worker testified before the victim. As the Court pointed out "[the] error was exacerbated by the fact that, at the time [the social worker] testified, [the] Victim's credibility was not subject to impeachment inasmuch as she had not taken the stand." *State v. Barrett*, 299 S.C. 485,

487, 386 S.E. (2d) 242, 243. Perhaps even more significantly, in that case, unlike this case, the social worker testified "exten- sively to details of the sexual abuse reported by [the] Victim." *Id.*

We are convinced that the testimony of the social worker did not affect the result of the trial. Appellate courts recognize an overriding rule which says: "whatever doesn't make any difference, doesn't matter." *See McCall v. Finley*, 294 S.C. 1, 4, 362 S.E. (2d) 26, 28 (Ct. App. 1987) (where this Court recognized the rule in a civil case). Just as we tolerate a limited amount of adulteration in our food before we ban its consumption, so courts tolerate some error in the judicial process. Only errors so substantial that they result in a verdict which would not otherwise have been rendered require reversal. *See* L. Nizer, *The Implosion Conspiracy* (1973) (in which the author analyzes the Rosenberg espionage case).

For these reasons, the judgment of the Circuit Court is

Affirmed.

SHAW, J., and LITTLEJOHN, Acting Judge, concur.