23607

John WHITEHEAD, Petitioner v. STATE of South Carolina, Respondent.

(417 S.E. (2d) 529)

Supreme Court

*Asst. Appellate Defender Robert M. Dudek,* of the *South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Atty. Gen. T. Travis Medlock, Chief Deputy Atty. Gen. Donald J. Zelenka* and *Asst. Atty. Gen. Delbert H. Singleton, Jr.,* Columbia, *for respondent.*

Submitted June 12, 1992.

Decided March 30, 1992.

FINNEY, Justice:

This Court granted certiorari to review the circuit court's denial of postconviction relief (PCR) to Petitioner John whitehead. We have reviewed the trial record pursuant to *Davis v. State,* 288 S.C. 290, 342 S.E. (2d) 60 (1986); and *White v. State,* 263 S.C. 110, 208 S.E. (2d) 35 (1974). After fully considering the entire record, briefs of the parties and the applicable law, we affirm.

In *Davis,* the Court adopted procedural guidelines for PCR

cases where the knowing and intelligent waiver of the right to a direct appeal is at issue. Notwithstanding its holding that appellate courts are without jurisdiction over an appeal where notice of a direct appeal has not been given and timely served, the Court in *White* provided for full review of the trial record on this issue in connection with review for a PCR appeal.

Our review of the record in the case before us reflects that a confidential informant provided information upon which a search warrant was obtained for the mobile home where petitioner resided. He was home alone and asleep on a couch when the police arrived to execute the search warrant. The search produced a quantity of marijuana, plastic bags with marijuana residue, small cards, and a black notebook containing drug sale records. The officers discovered during the search that the mobile home was registered in the name of petitioner's co-occupant, Clarence Bowen. The petitioner and Bowen were arrested and charged with possession with intent to distribute marijuana. Subsequently, the charges against Bowen were dismissed, and he testified for the state at petitioner's trial.

Petitioner was tried December 5-6, 1988, before a judge and jury and convicted of possession of marijuana with intent to distribute. The judge revoked one year of petitioner's prior probation for another offense and imposed a consecutive sentence of imprisonment for five years and a fine of $5,000 for the marijuana conviction. There was no direct appeal.

On April 3, 1989, petitioner filed an application for PCR which set forth several allegations of error by his attorney prior to and during the course of his trial and alleged that petitioner was denied his right to appeal. Thereafter, petitioner's application was amended to include the additional grounds that his trial counsel:

1. Failed to cross-examine Clarence Bowen concerning promises in exchange for his testimony;
2. Failed to make a *motion in limine* to determine whether solicitation to commit murder is a crime of moral turpitude;
3. Failed to object to testimony which inferred that petitioner had committed driving offenses; and
4. Failed to advise petitioner of his right to appeal his conviction.

An evidentiary hearing was held January 9, 1990, and the PCR court issued its order dated March 5, 1990, dismissing petitioner's application. The PCR judge found that trial counsel was not ineffective and that petitioner had failed to establish any constitutional violations or deprivations before or during his trial proceedings.

In order to prevail on the basis of ineffective assistance of trail counsel, the petitioner must show, first, that counsel's performance was deficient; and second, that such deficient performance prejudiced the outcome of his trial. *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. (2d) 674 (1984); *Frett v. State*, 298 S.C. 54, 378 S.E. (2d) 249 (1988).

The record reflects that petitioner's trial counsel articulated valid reasons for his trial strategy. Courts must be wary of second-guessing counsel's trial tactics; and where counsel articulates a valid reason for employing certain strategy, such conduct will not be deemed ineffective assistance of counsel. *Goodson v. United States*, 564 F. (2d) 1071 (4th Cir. 1977). Moreover, the PCR Court determined that since solicitation to commit murder is a crime of moral turpitude, a *motion in limine* would have been futile.

After hearing the testimony adduced at the evidentiary hearing, the PCR judge made a specific finding that the representation provided by petitioner's trial counsel, both prior to and during trial, was well within the standards of competence demanded in criminal matters and within the wide range of reasonable professional assistance. *Marzullo v. Maryland*, 561 F. (2d) 540 (4th Cir. 1977).

This Court is constrained to uphold the ruling of the PCR judge if there is any evidence in the record to support the PCR court's determination. *Cherry v. State*, 300 S.C. 115, 386 S.E. (2d) 624 (1989).

Among petitioner's allegations of ineffective assistance of counsel or deprivation of his constitutional rights, we find that the only issue of arguable merit is whether or not the petitioner was advised of his right to appeal from the judgment and sentence of the trial court. Having considered the record on this issue in compliance with *Davis v. State, supra,* and *White v. State, supra,* we affirm the denial of PCR.

Accordingly, this Court concludes 1) that the representation provided to petitioner by trial counsel was within the

standard of competence demanded of attorneys in criminal matters, *Marzullo v. Maryland, supra;* and 2) that the petitioner was not prejudiced thereby. *Strickland v. Washington, supra.* The judgment of the PCR court is affirmed.

Affirmed.

GREGORY, C.J., and HARWELL, CHANDLER and TOAL, JJ., concur.