24066

Lester JOLLY, Petitioner v. STATE of South Carolina, Respondent.
(443 S.E. (2d) 566

Supreme Court

*Deputy Chief Attorney Joseph L. Savitz, III, of South Carolina Office of Appellate Defense,* Columbia, *for petitioner.*

*Attorney General T. Travis Medlock, Chief Deputy Atty. Gen. Joseph Shine,* and *Asst. Attys. Gen. Delbert H. Singleton, Jr.* and *E. Jeanne Howard,* Columbia, *for respondent.*

Submitted Feb. 16, 1994.

Decided May 9, 1994. Reh. Den. June 7, 1994.

BRISTOW, Acting Associate Justice:

We granted certiorari to review the dismissal of Lester Jolly's (Jolly) application for postconviction relief (PCR). Jolly contends that the PCR judge erred in finding that he received effective assistance of counsel. We agree and reverse.

## I. *Facts*

Jolly was convicted of first-degree criminal sexual conduct for having intercourse with his step-granddaughter who was less than eleven years old at the time. At trial, the victim testified that she lived with her grandmother, step-grandfather, and two uncles from the third to the fifth grade and that dur-

ing this time Jolly repeatedly engaged in sexual intercourse with her. On cross-examination, however, she admitted that on a prior occasion she told her aunt that Jolly had not molested her, but that her two uncles had abused her.[1]

Thereafter, the State attempted to bolster the victim's claim that Jolly was the perpetrator by eliciting from a social worker that the child had made a prior statement that Jolly had abused her. The trial judge overruled Jolly's objection that this testimony was inadmissible hearsay. Later, Robert Lee Cobb (Cobb), one of the uncles who also allegedly abused the child, testified without objection that the child previously told him and her mother that Jolly abused her. A jury convicted Jolly of first-degree criminal sexual conduct.

Jolly appealed his conviction, alleging that the trial judge erred in allowing the hearsay testimony of the social worker. The Court of Appeals affirmed, holding that it was unnecessary to decide if the admission was error because any error in admitting the evidence was harmless because the social worker's testimony was merely cumulative to the testimony of Cobb and the child. *State v. Jolly*, 304 S.C. 34, 402 S.E. (2d) 895 (Ct. App. 1991). We denied Jolly's petition for writ of certiorari.

Jolly later applied for PCR, claiming that he received ineffective assistance of counsel because his attorney failed to object to Cobb's hearsay testimony, thereby failing to preserve a sufficient appellate record. At the PCR hearing, Jolly's trial counsel stated that he did not object to the testimony because the trial judge previously had admitted the social worker's testimony. The PCR judge denied Jolly's application, after finding that the Court of Appeals had already determined that the testimony of both Cobb and the social worker was cumulative to the child's testimony and that he could not contradict the finding of a higher court. We granted certiorari.

## II. *Discussion*

Jolly alleges that counsel was ineffective for failing to object to Cobb's testimony that the child had told him that Jolly had sexually abused her. We agree.

To establish a claim of ineffective assistance of counsel, the

---

[1] The child's two uncles were also charged with criminal sexual conduct. One uncle pleaded guilty. The other uncle was convicted.

defendant must show that counsel's representation fell below an objective standard of reasonableness, and that but for counsel's errors, there is a reasonable probability the result would have been different. *Strickland v. Washington,* 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed. (2d) 674 (1984); *Gallman v. State,* 307 S.C. 273, 414 S.E. (2d) 780 (1992).

The rule against hearsay prohibits the admission of evidence of an out-of-court statement to prove the truth of the matter asserted unless an exception to the rule applies. *Simpkins v. State,* 303 S.C. 364, 401 S.E. (2d) 142 (1991). We have recognized three exceptions to the rule against hearsay that allows prior consistent statements of a witness to be admitted. First, in criminal sexual conduct cases, when the victim testifies, evidence from other witnesses that she complained of the sexual assault is admissible in corroboration, limited to the time and place of the assault and excluding details or particulars. *Id.* at 367, 401 S.E. (2d) at 143. Second, the *res gestae* or excited utterance exception allows corroborative rape testimony without the time/place exception. *State v. Schumpert,* — S.C. —, 435 S.E. (2d) 859 (1993). Third, when a witness has been impeached by proof that the witness has made a prior inconsistent statement, proof is allowed that the witness made a prior consistent statement, provided that the prior consistent statement must have been made before the "existence of [the] relation of [the witness] to the cause." *Burns v. Clayton,* 237 S.C. 316, 117 S.E. (2d) 300 (1960).

Cobb's testimony regarding the child's prior statement that identified Jolly as the perpetrator clearly does not fall into any of the hearsay exceptions. Specifically, the testimony was not limited to the time and place of the assault, there is no evidence that the child's prior statement to Cobb was an excited utterance, and because the witness is the victim in the case, she could not have made the prior consistent statement regarding her assailant before she had a "relation to the cause." Therefore, because Cobb's testimony did not fall within an exception to the hearsay rule and was detrimental to Jolly's defense, we find that counsel's failure to object to the introduction of this hearsay evidence fell below an objective standard of reasonableness.

The question then becomes whether there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome. *Mitchell v. State*, 298 S.C. 186, 379 S.E. (2d) 123 (1989) (citing *Strickland, supra*).

Because counsel failed to object to Cobb's hearsay testimony, the Court of Appeals, in Jolly's direct appeal, was precluded from examining the improper admittance of Cobb's testimony. *State v. Schumpert*, — S.C. —, 435 S.E. (2d) 859 (1993) (unless an objection is made at the time the evidence is offered and a final ruling made, the issue is not preserved for review). Accordingly, the Court of Appeals, affirming Jolly's conviction, held that the admittance of the social worker's hearsay testimony identifying Jolly as the perpetrator was harmless error because the testimony was merely cumulative to Cobb's unobjected testimony and the victim's testimony. *State v. Jolly*, 304 S.C. 34, 402 S.E. (2d) 895 (Ct. App. 1991). Improper corroboration testimony that is *merely cumulative to the victim's testimony*, however, cannot be harmless, because it is precisely this cumulative effect which enhances the devastating impact of improper corroboration. *State v. Barrett*, 299 S.C. 485, 386 S.E. (2d) 242 (1989). Therefore, we find that had Cobb's testimony been properly objected to, the Court of Appeals could not have held that the social worker's testimony was harmless and the outcome of Jolly's direct appeal would have been different. The decision of the court denying Jolly's PCR application is

Reversed.

CHANDLER, Acting C.J., and FINNEY and TOAL, JJ., concur.

MOORE, J., dissenting in separate opinion.

MOORE, Justice (dissenting):

I respectfully dissent. The majority finds that Jolly received ineffective assistance of counsel. The record is clear that Jolly's attorney did not object to Cobb's reply testimony because the trial judge had previously ruled, after objection, that identical testimony by the social worker was admissible. In my opinion such reasonable failure to object is not ineffec-

tiveness. *Whitehead v. State*, 308 S.C. 119, 417 S.E. (2d) 529 (1992) (counsel not ineffective where trial strategy reasonable).

Further, in my view, the victim's prior consistent statements would have been admissible to rebut the evidence of her prior inconsistent statements under *Burns v. Clayton*, 237 S.C. 316, 117 S.E. (2d) 300 (1960). I read *Burns* to require only that the prior consistent statement be made before the witness's relation to the pending cause of action rather than the underlying factual cause as the majority holds. I therefore conclude Jolly would not have prevailed on appeal even if counsel had objected to Cobb's testimony.

I would affirm the PCR judge's denial of relief.