**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
In The Court of Appeals

The State, Respondent,

v.

Zachary Braxton Bullock, Appellant.

Appellate Case No. 2013-002229

———————————

Appeal From Horry County
Steven H. John, Circuit Court Judge

———————————

Unpublished Opinion No. 2015-UP-549
Submitted October 9, 2015 – Filed December 2, 2015

———————————

**AFFIRMED**

———————————

Appellate Defender Kathrine Haggard Hudgins, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Jimmy A. Richardson, II, of Conway, for Respondent.

———————————

**PER CURIAM:** Zachary Bullock appeals his conviction for first-degree burglary, arguing the trial court erred in allowing Detective Scott Bogart, of the Horry

County Police Department, to testify about prior statements made to him by Bullock's codefendants. Specifically, Bullock contends Detective Bogart's testimony was inadmissible hearsay that improperly corroborated his codefendants' testimony. We affirm.[1]

We find the trial court erred in admitting Detective Bogart's testimony regarding prior consistent statements of Bullock's codefendants, as it did not qualify as nonhearsay under Rule 801(d)(1), nor did it fall under an exception to the hearsay rule. *See* Rule 801(c), SCRE ("'Hearsay' is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted."); Rule 801(d)(1)(A), (B) ("A statement is not hearsay if . . . [t]he declarant testifies at the trial or hearing and is subject to cross-examination concerning the statement, and the statement is (A) inconsistent with the declarant's testimony, or (B) consistent with the declarant's testimony and is offered to rebut an express or implied charge against the declarant of recent fabrication or improper influence or motive; provided, however, the statement must have been made before the alleged fabrication, or before the alleged improper influence or motive arose . . . ."). Here, the codefendants' testimony at trial was consistent with the prior statements they gave to Detective Bogart. Bullock did not explicitly or implicitly accuse either codefendant of recently fabricating their statements, nor did he allege they were acting under improper influence or motive. *See State v. Forester*, 354 S.C. 614, 622, 582 S.E.2d 426, 430 (2003) ("The plain language of Rule 801(d)(1)(B) only permits evidence of a prior consistent statement when the witness has been charged with recent fabrication or improper motive or influence." (quoting *State v. Saltz*, 346 S.C. 114, 124, 551 S.E.2d 240, 245 (2001)). Contrary to the State's argument that Detective Bogart's testimony was not hearsay because it was offered for the limited purpose of explaining why the government investigation was undertaken,[2] we find that Detective Bogart's testimony was, in fact, offered to prove the truth of the matter asserted. *See* Rule 801(c), SCRE (defining hearsay); Rule 802, SCRE ("Hearsay is not admissible

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.
[2] *See State v. Brown*, 317 S.C. 55, 63, 451 S.E.2d 888, 894 (1994) (holding the police officers' testimony about complaints they received from declarants in the neighborhood, prior to setting up surveillance, was admissible for the nonhearsay purpose of explaining why the officers began surveillance of the defendant's apartment).

except as provided by [the South Carolina Rules of Evidence] or by other rules prescribed by the [s]upreme [c]ourt of this State or by statute.").

However, we find the trial court's error in admitting Detective Bogart's hearsay testimony was harmless. Bullock alleges the admission of Detective Bogart's testimony was not harmless error because it corroborated and improperly bolstered the credibility of his codefendants' testimony. *See Saltz*, 346 S.C. at 124, 551 S.E.2d at 246 ("Erroneously admitted corroboration testimony is not harmless merely because it is cumulative. On the contrary, 'it is precisely this cumulative effect which enhances the devastating impact of improper corroboration.'" (quoting *Jolly v. State*, 314 S.C. 17, 21, 443 S.E.2d 566, 569 (1994))). Despite Bullock's contention that such cumulative corroboration testimony is per se prejudicial, South Carolina jurisprudence does not favor such a rule. *See State v. Jennings*, 394 S.C. 473, 482, 483–84, 716 S.E.2d 91, 95–96 (2011) (Kittredge, J., concurring in a separate opinion joined by Hearn, J., and Toal, C.J., dissenting) (indicating a plurality of justices rejecting a rule of per se prejudice in favor of a case-by-case determination of prejudice); *see also Saltz*, 346 S.C. at 124, 551 S.E.2d at 246 (determining cumulative corroboration testimony was prejudicial and, thus, not harmless error where the testimony sought to be corroborated was weak and not particularly credible). Therefore, the admission of Detective Bogart's hearsay testimony is evaluated under the harmless error analysis. *See State v. Weston*, 367 S.C. 279, 288, 625 S.E.2d 641, 646 (2006) ("The improper admission of hearsay is reversible error only when the admission causes prejudice."); *see also State v. Rivera*, 402 S.C. 225, 246, 741 S.E.2d 694, 705 (2013) (stating the harmless-error doctrine preserves the central purpose of a criminal trial, which is to decide the factual question of a defendant's guilt or innocence) (citing *Arizona v. Fulminante*, 499 U.S. 279, 308 (1991))); *State v. Jenkins*, 412 S.C. 643, 651, 773 S.E.2d 906, 910 (2015) ("[A]ppellate courts must determine the materiality and prejudicial character of the error in relation to the entire case."). Bullock's codefendants both testified not only to Bullock's involvement in the burglary but also to their own involvement. Their testimony was consistent with one another's testimony and with the victim's testimony as to what items were stolen and how the burglary was effectuated. Because there was strong evidence of Bullock's guilt independent of the hearsay testimony, the admission of the hearsay testimony was harmless. *See State v. Black*, 400 S.C. 10, 27, 732 S.E.2d 880, 890 (2012) ("An appellate court generally will decline to set aside a conviction due to insubstantial errors not affecting the result."); *State v. Mitchell*, 286 S.C. 572, 573, 336 S.E.2d 150, 151 (1985) ("Error is harmless when it 'could not reasonably have affected the result of the trial.'" (quoting *State v. Key*, 256 S.C. 90, 93, 180 S.E.2d 888, 890 (1971))); *id.*

(finding the improper admission of hearsay testimony to be harmless error where there was abundant evidence in the record from which the jury could have found the defendant guilty, notwithstanding the hearsay testimony); *see also State v. Tapp*, 398 S.C. 376, 389–90, 728 S.E.2d 468, 475 (2012) ("Engaging in [a] harmless error analysis . . . requires [the court] not to question whether the State proved its case beyond a reasonable doubt, but whether beyond a reasonable doubt the trial error did not contribute to the guilty verdict.").

**AFFIRMED.**

**SHORT, GEATHERS, and MCDONALD, JJ., concur.**