Appellants, Gene Sheryl Nix, Sandra Dianne Nix and Dewayne Nix (hereinafter either referred to individually or jointly asIntervenors) appeal the trial courts order denying their motion to intervene, arguing that their participation and the relief the

THIS OPINION HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Charles Smalls, Appellant.
 
 
 

Appeal from Aiken County 
 Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2007-UP-074
Submitted January 1, 2007  Filed February 12, 2007    

AFFIRMED

 
 
 
 Ailleen P. Clare, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster; Chief Deputy Attorney General John W. McIntosh; Assistant Deputy Attorney General Salley W. Elliott;
 Senior Assistant Attorney General Harold M. Coombs, Jr., all of Columbia; and Solicitor Barbara R. Morgan, of Aiken,  for Respondent.
 
 
 

PER CURIAM:  Charles Smalls appeals his convictions for two counts of first degree criminal sexual conduct with a minor, and lewd act upon a child.  Smalls argues the trial judge abused his discretion by allowing the State to present inadmissible hearsay testimony.  We affirm.
FACTS
Smalls was accused of sexually molesting his girlfriends eight-year-old granddaughter (Victim).  Shortly after the alleged assault, the police took Victim to the hospital, where she was examined by Nurse Amanda Abbott.  Nurse Abbot witnessed the external genitalia exam conducted by Doctor Platt, who found no physical evidence of sexual abuse.[1]  
Nurse Abbot, whom the lower court qualified as an expert in sexual assault nurse examination, testified that she conducted the interview for the purposes of medical diagnosis and treatment, and evidence collection.  Nurse Abbotts testimony describing Victims account was as follows:

 [Victim] went into detail to tell me what happened to her earlier in the evening . . . . She just said that he was in the trailer with her and that he  she was in the kitchen and he pushed her into the bathroom and when she did, she hit her elbow on the bathtub.  And he grabbed her by the hand to take her into the bedroom.
 While they were in the bathroom, he had pulled up her skirt and pulled her panties down.  When they went into the bedroom, he had gotten a red thing out of the drawer and put it on his private parts.  He started touching himself and white stuff went into the red thing.  He was touching her private parts with his hand.  And grandma came into the room.  

When asked if Victim indicated whether there was digital penetration, Nurse Abbott responded: Yes, she did.  Although Nurse Abbott did not describe digital penetration in her written summary of Victims testimony, she checked off digital penetration on an attached checklist.  
Smalls timely objected to Nurse Abbotts testimony recounting Victims story, arguing it was hearsay exceeding the scope of the medical diagnosis exception in Rule 803(4), SCRE.  Pursuant to this objection, the trial judge allowed Smalls to obtain a proffer of exactly what testimony the State would elicit from Nurse Abbot in order to be able to more fully argue his objection.  Thus, outside the presence of the jury, the State examined Nurse Abbott in substantially the same way, eliciting substantially the same testimony as that presented to the jury and described above.  Then, after hearing arguments from both parties, the trial judge overruled Smalls objection.[2]  
Victim, who was nine years old at the trial, testified in detail.  She provided an account consistent to that later provided by her grandmother and Nurse Abbott, but also describing Smalls penetrating her digitally, and attempting penile penetration.  Victim testified about talking to Nurse Abbott afterwards, but said that she did not tell her everything because she was afraid.  
 In addition, Victims grandmother testified that as she walked into the trailer, she heard Victim say Quit, Charles, and saw Smalls zipping up his pants.  Victims grandmother also testified about what Victim told her about the incident.  This testimony was consistent with Victims account, including the penile penetration but not mentioning digital penetration.  Although the grandmothers written statement did not specifically state that Victim reported penile penetration, it did state that he put a condom on his [penis], . . . and . . . he was messing with her, it wont hurt  it wont hurt her.  
The jury convicted Smalls of two counts of first degree criminal sexual conduct with a minor, and one count of lewd act upon a child.  He was sentenced to two concurrent terms of twenty years imprisonment suspended on service of thirteen years imprisonment and three years probation, and a concurrent term of ten years imprisonment and service of three years probation, respectively.  This appeal followed.
SCOPE OF REVIEW
A trial judges ruling on the admissibility of evidence will not be reversed on appeal absent an abuse of discretion or the commission of legal error that results in prejudice to the defendant.  State v. Adams, 354 S.C. 361, 377, 580 S.E.2d 785, 793 (Ct. App. 2003).  Only errors so substantial that they result in a verdict which would not otherwise have been rendered require reversal.  State v. Jolly, 304 S.C. 34, 39, 402 S.E.2d 895, 898 (Ct. App. 1991).  A defendant seeking reversal based on error in admission of evidence has the burden of showing that evidence was prejudicial.  State v. McElveen, 280 S.C. 325, 327, 313 S.E.2d 298, 299 (1984).  Improperly admitted hearsay which is merely cumulative to other evidence may be viewed as harmless.  State v. Blackburn, 271 S.C. 324, 329, 247 S.E.2d 334, 337 (1978).
LAW/ANALYSIS
Smalls argues the trial judge abused his discretion by allowing the State to present Nurse Abbotts hearsay testimony. Specifically, Smalls argues that testimony from Nurse Abbott describing digital penetration was hearsay outside the scope of the medical exception.  We disagree.
Rule 803(4), SCRE, permits the introduction of hearsay for purpose of medical diagnosis or treatment, stating:

 Statements made for the purpose of medical diagnosis or treatment and describing medical history, or past or present symptoms, pain, or sensations, or the inception or general character of the cause or external source therefore insofar as reasonably pertinent to diagnosis or treatment . . . .

Smalls points out that during Abbotts in-camera proffer, she diagnosed the victim with alleged sexual assault, but that during her trial testimony no medical diagnosis or conclusion was presented to the jury.  This is irrelevant because the medical exception to the hearsay rule does not require that testimony be introduced for the purpose of presenting a medical diagnosis.[3]  Rather, the rule requires that the statements introduced were made for the purpose of medical diagnosis or treatment.  See Rule 803(4), SCRE.
Smalls references this courts case of State v. Burroughs, 328 S.C. 489, 492 S.E.2d 408 (Ct. App. 1997), to support his contention that Nurse Abbotts testimony was inadmissible.  His reliance on Burroughs is ill-founded, as it is readily distinguishable from this case.  In Burroughs, a statement that an alleged rapist asked for a hug was found outside the scope of the medical diagnosis exception because it was not reasonably pertinent to the victims diagnosis or treatment.  In contrast, Nurse Abbotts testimony addressed the physical contact described by Victim and the use of a condom during the alleged assault.  The extent of physical contact in a sexual assault is certainly reasonably pertinent to medical diagnosis and treatment, so as to assess the extent of possible physical injury.  The use of condoms is reasonably pertinent to diagnosis and treatment of possible sexually transmitted disease and pregnancy.  
Smalls reference to State v. Brown is likewise unhelpful because Nurse Abbott did not introduce Victims identification of Smalls. State v. Brown, 286 S.C. 445, 334 S.E.2d 816 (1985) (holding victims identification of alleged rapist examination was inadmissible hearsay because perpetrators name was not necessary for diagnosis and treatment). 
The trial judges careful adherence to the limitations of the medical exception is evidenced by his requiring the exclusion of testimony by Nurse Abbott about the lubricant used by Smalls in the alleged assault.  We therefore find no error in the trial judges admission of Nurse Abbotts testimony.  
CONCLUSION 
Based on the foregoing, Smalls convictions for first degree criminal sexual conduct with a minor, and lewd act upon a child are  
AFFIRMED.
HEARN, C.J., and KITTREDGE and WILLIAMS, JJ., concur.

[1] Dr. Platt did not perform an internal genitalia exam because the hospital did not have the specialized equipment required to examine a small child. 
[2] The judge forbade the State from referencing lubricants in the testimony before the jury, reasoning that that portion of Victims story did not fall under the medical diagnosis exception.  (R. 182).  
[3] Hearsay, including that excepted under the medical exception, is that species of testimony given by a witness who relates, not what she knows personally, but what others have told her, or what she has heard said by others.  It is a statement, other than one made by the declarant while testifying at the trial or hearing, offered in evidence to prove the truth of the matter asserted.  Fed.R.Evid. 801(c).