23533

The STATE, Respondent v. Stanley Earl ROBINSON, Appellant. And The STATE, Respondent v. Ronald LOGAN, Appellant.

(412 S.E. (2d) 411)

Supreme Court

*Asst. Appellate Defenders Daniel T. Stacey* and *Joseph L. Savitz, III* of *SC Office of Appellate Defense,* Columbia, *for appellant Robinson.*

*Jack B. Swerling* and *Jennifer Kneece Shealy,* and *South Carolina Office* of *Appellate Defense,* Columbia, *for appellant Logan.*

*Atty. Gen. T. Travis Medlock, Asst. Attys. Gen. Harold M. Coombs, Jr.,* and *Norman Mark Rapoport,* Columbia, and *Solicitor Donald V. Myers,* Lexington, *for respondent.*

Heard Sept. 24, 1991.

Decided Dec. 16, 1991.

CHANDLER, Justice:

Ronald Logan (Logan) and Stanley Robinson (Robinson) were convicted of conspiracy, possession with intent to distribute crack cocaine, trafficking in cocaine, and trafficking in heroin.

We reverse.

## FACTS

On June 5, 1989, State Law Enforcement Division (SLED) officers received a tip from a confidential informant that cocaine was being sold from the "Econo Lodge" on Harbison Boulevard in Columbia by a black male, later identified as Shawn Lisenby, owner of a white Mazda truck.

On June 9, SLED agents, acting on the tip, went to the "Econo Lodge." They were advised by the motel manager that Lisenby and two other black males, later identified as Logan and Robinson, were staying at the motel, but she did not believe they were there at that time. The agents left but shortly thereafter received a telephone call from the manager, advising that Lisenby had returned.

Upon their arrival at the motel the agents observed Lisenby, Logan, and Robinson exiting Room 240 and walking down the stairway. Robinson was carrying a suitcase and a duffel bag. The three men moved directly to a white Mazda truck and a black Ford Taurus. Robinson placed the suitcase and duffel bag in the bed of the truck, whereupon Lisenby got into the truck and sped away. Logan and Robinson then proceeded to leave in the Taurus. Their departure from the lot was interrupted by Agents Myers and Maddox who "blocked off" the Taurus. Myers asked Logan and Robinson for identification, had them exit the car, and patted them down.

Upon trial, Meyers testified that, at this point, Logan and Robinson were not under arrest and were free to go. Al-

though he conceded he "had no reason to believe that [Logan or Robinson] were involved in any crime or criminal activity," Myers obtained Logan's consent to search the car. Agents then seized from the car a motel key to Room 240 and a box of baking powder.

A few minutes later Meyers received a call from Agent Johnson, who reported he had stopped the white truck on the highway and found drugs in the duffel bag. Lisenby, Logan, and Robinson were then arrested.

Room 240, registered to Lisenby, was subsequently searched and a spoon, razor blades, and a piece of paper, all containing cocaine residue, were seized. Analysis of the drugs in the duffel bag revealed 5.56 grams of heroin, 29.3 grams of cocaine, and 23.84 grams of crack cocaine.

In exchange for testifying as a State's witness against Logan and Robinson, Lisenby pled guilty to the reduced charge of simple possession of crack cocaine.

## ISSUES
I. Was the jury instruction on mere presence erroneous?
II. Was the search of the Taurus valid?

## I. MERE PRESENCE CHARGE

The trial judge, erroneously, advised the jury that a defendant's mere presence or association with people who possess controlled substances is sufficient proof that the defendant himself possessed the controlled substance or was a member of a conspiracy. Although, in the remainder of the charge, he correctly instructed the law of mere presence,[1] he never retracted the incorrect statement, despite repeated requests by counsel that he do so.

The trial judge must charge the jury with the "current and correct law" of the State. S.C. Const. art. V, § 17; *State v. Adams*, 277 S.C. 115, 120, 283 S.E. (2d) 582, 585 (1981). When an incorrect charge is given, the court must withdraw it; "[m]erely superimposing a correct statement of law over an erroneous charge only fosters confusion and prejudice." *State v. Patrick*, 289 S.C. 301, 308, 345 S.E. (2d) 481,

---

[1] Where narcotics are involved, mere presence is *not* sufficient evidence to support a conviction. *State v. Kimbrell*, 294 S.C. 51, 362 S.E. (2d) 630 (1987).

485 (1986); *State v. Peterson*, 287 S.C. 244, 335 S.E. (2d) 800 (1985); *State v. Adams, supra.*

We agree with Appellants that, here, the error mandates reversal.

## II. SEARCH AND SEIZURE

At the suppression hearing, Agent Meyers testified that he and another SLED agent "blocked off" the Taurus, had Logan and Robinson exit the car, and patted them down. Upon consent, they searched the car, seizing the key to Room 240 and a bag of baking powder.

However, Meyers testified, further, that he "had no reason to believe [Appellants] were involved in any crime or criminal activity" at this point and he "would've let them get back in the car and drive away."

Appellants contend that, based on Meyer's testimony, the search and seizure were unlawful, so that the key and baking powder should have been suppressed. We agree.

To justify a brief stop and detention, the police officer must have a reasonable suspicion that the person has been involved in criminal activity. *Terry v. Ohio*, 392 U.S. 1, 88 S. Ct. 1868, 20 L. Ed. (2d) 889 (1968); *State v. Culbreath*, 300 S.C. 232, 387 S.E. (2d) 255 (1990). Here, the SLED officer testified that he had no reason to believe Logan or Robinson were involved in any criminal activity. Based upon this testimony, we find the stop to be unlawful. *State v. Culbreath, supra.*

A consent to search procured during an unlawful stop is invalid unless such consent is both voluntary *and* not an exploitation of the unlawful stop. *Brown v. State*, 188 Ga. App. 184, 372 S.E. (2d) 514 (1988); *U.S. v. Miller*, 821 F. (2d) 546 (11th Cir. 1987). Here, there are no attenuating circumstances that remove the taint of the unlawful stop from the consent to search. Accordingly, we find that the evidence seized during the search constituted fruit of the unlawful stop and should have been suppressed.

We affirm the remaining issues pursuant to Rule 23.

Reversed and remanded.

GREGORY, C.J., and HARWELL, FINNEY and TOAL, JJ., concur.