2484

The STATE, Respondent v. Anthony DENNIS, Appellant.

(468 S.E. (2d) 674)

Court of Appeals

*Assistant Appellate Defender Lisa T. Gregory,* of the *South Carolina Office of Appellate Defense,* Columbia, *for appellant.*

*Attorney General Charles Molony Condon, Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott,* and *Assistant Attorney General G. Robert DeLoach, III,* Columbia; and *Solicitor Wade S. Kolb,* Sumter, *for respondent.*

Heard Feb. 6, 1996.

Decided Mar. 18, 1996.

CURETON, Judge:

Anthony Dennis and Clarence Major were charged with and jointly tried for the commission of a number of crimes arising out of the robbery of the Coastal Munn-E-Saver convenience store in Sumter, and the abduction of a 17-year-old

woman from the store, whom they sexually assaulted. They were convicted of armed robbery, kidnapping, conspiracy to kidnap, first-degree criminal sexual conduct, and possession of a weapon during a violent crime. Dennis appeals. We affirm.

## I.

Dennis first argues the trial judge erred in allowing the emergency room nurse who examined the victim to read her written commentary regarding what the victim told her. Dennis claims the notes contained inadmissible hearsay and violated his right to confront an adverse witness. We disagree.

The victim testified in detail about the robbery, abduction and sexual assaults. The judge then allowed the nurse to read from her notes what the victim told her about the sexual assaults. The narrative included details and particulars of the attack. Defense counsel objected and moved for a mistrial on the ground the testimony was not limited in scope to the time and place of the assault. The judge ruled, however, that the statement formed part of the *res gestae* of the entire event.

This issue is controlled by *Jolly v. State*, 314 S.C. 17, 443 S.C. (2d) 566 (1994), in which the Supreme Court stated:

> The rule against hearsay prohibits the admission of evidence of an out-of-court statement to prove the truth of the matter asserted unless an exceptions to the rule applies. *Simpkins v. State*, 303 S.C. 364, 401 S.E. (2d) 142 (1991). We have recognized three exceptions to the rule against hearsay that allows prior consistent statements of a witness to be admitted. First, in criminal sexual conduct cases, when the victim testifies, evidence from other witnesses that she complained of the sexual assault is admissible in corroboration, limited to the time and place of the assault and excluding details or particulars. *Id.* at 367, 401 S.E. (2d) at 143. Second, the *res gestae* or excited utterance exception allows corroborating rape testimony without the time/place exception. *State v. Schumpert*, 312 S.C. 502, 435 S.E. (2d) 859 (1993). Third, when a witness has been impeached by proof that the witness has made a prior inconsistent statement, proof is allowed that the witness made a prior consistent statement, provided that the prior consistent statement must have been made before the "existence of [the] relation of [the witness] to the

cause." *Burns v. Clayton,* 237 S.C. 316, 117 S.E. (2d) 300 (1960).

*Id.* at 20, 443 S.E. (2d) at 568.

On appeal, Dennis argues that the testimony violated ▮ the time and place limitation of the first exception described in *Jolly.* Dennis also argues the statement was not admissible under an exception which permits a health care professional to testify as to a patient's statement as information upon which the health care professional relies in reaching a medical opinion. *See Howle v. PYA/Monarch, Inc.,* 288 S.C. 586, 344 S.E. (2d) 157 (Ct. App. 1986). Dennis does not, however, argue the court erred in admitting the statement as part of the *res gestae* of the event, an exception which, as noted in *Jolly,* does not contain the time and place limitation. Hence, this issue is not preserved for appeal.

Even if the issue had been properly raised and argued ▮ on appeal, we would affirm. To qualify as part of the *res gestae* exception to hearsay, a statement must be substantially contemporaneous with the litigated transaction and be the spontaneous utterance of the mind while under the active, immediate influence of the event. *State v. Kelley,* 319 S.C. 173, 460 S.E. (2d) 368 (1995). The rationale behind this exception lies in the special reliability accorded to a statement uttered in spontaneous excitement which suspends the declarant's powers of reflection and fabrication. *Id.* Whether a statement is admissible under the *res gestae* exception to the hearsay rule depends on the circumstances of each case and the determination is generally left to the sound discretion of the trial court. *State v. Harrison,* 298 S.C. 333, 380 S.E. (2d) 818 (1989). There are no hard and fast rules as to when the *res gestae* ends. *Id.; see State v. Blackburn,* 271 S.C. 324, 247 S.E. (2d) 334 (1978) (the Supreme Court noted a time interval of over one hour, and up to eleven hours, did not necessarily eliminate a statement as part of the *res gestae*; the Supreme Court also noted the severity of the victim's injuries indicated the victim was still under the stress and pain of the assault at the time the victim made the statement in the emergency room); *State v. Quillien,* 263 S.C. 87, 207 S.E. (2d) 814 (1974) (where rape victim was interviewed by officer after she arrived at the emergency room, the Supreme Court concluded her statement was admissible under the *res gestae* exception).

In this case, a police officer came upon the victim and the suspects shortly after they completed the assault. The suspects fled and the officer called for an ambulance which transported the victim to the hospital, where she gave the statement to the nurse while the nurse was collecting evidence for a rape protocol kit. Several witnesses testified the victim was crying and hysterical while at the hospital. If fact, the nurse's statement ends with a notation that the victim became hysterical and was so emotionally upset the nurse stopped the interview. Although the record does not reveal the amount of time which elapsed between the officer's rescue of the victim and her statement to the nurse, the record indicates the transport to the hospital was immediate and there was no appreciable time lapse before the nurse began collecting the evidence. We hold the trial judge, under these facts, did not abuse his discretion in finding the statement to be part of the *res gestae*.

## II.

Dennis next argues the trial judge erred in denying his motion for a directed verdict because the State produced no evidence implication him in the crimes. We disagree.

In reviewing the denial of a motion for a directed verdict in a criminal case, this court must view the evidence in the light most favorable to the State, and if there is any evidence, direct or circumstantial, which reasonably tends to prove the guilt of the accused, or from which his guilt may be fairly and logically deduced, we must find that the question of guilt was properly submitted to the jury. *State v. Childs*, 299 S.C. 471, 385 S.E. (2d) 839 (1989). *State v. Schrock*, 283 S.C. 129, 322 S.E. (2d) 450 (1984).

The victim selected Dennis's photograph out of a photographic lineup and positively identified him at trial as one of the assailants. The record also contains abundant circumstantial evidence connecting Dennis to the vicious sexual assaults. This qualifies as "any evidence" reasonably tending to prove Dennis's guilt such that the judge did not err in denying Dennis's directed verdict motion. *See State v. Jones*, 268 S.C. 227, 233 S.E. (2d) 287 (1977) (testimony concerning the commission of the crimes charged and the identification of the appellant as the one who committed the crimes

required submission of the case to the jury); *State v. Single-ton,* 258 S.C. 125, 187 S.E. (2d) 518 (1972) (prosecutrix's positive identification of appellants as the ones who raped her, taken with other evidence of the crime, warranted refusal of directed verdict motions).

## III.

Finally, Dennis argues the trial judge erred in refusing his request to charge the jury on "mere presence." We find no error.

Major was arrested shortly after the crime in the same general area where the officer interrupted the assault on the victim and the suspects fled. During the same time frame, officers interviewed Dennis whom they found in a camper trailer in the area, although Dennis was not immediately implicated in the crime and was not arrested until two days later.

At trial, Major's counsel requested the judge charge the jury that "his mere presence in the area is not in some way indicative that he committed the crime." The judge ruled Major's counsel could present his argument to the jury, but refused to give the charge. Dennis's counsel did not request the charge.

During closing argument, Dennis's counsel argued the State did not present any physical evidence to tie him with the scene of the initial robbery and abduction and the scene where the victim was rescued. Counsel further argued the fact that Dennis may have been in the wrong area associating with the wrong people "does not make him guilty of this crime."

After the judge charged the jury, Major's counsel again argued entitlement to a "mere presence" charge. At that point the judge asked Dennis's counsel whether he wanted to join in the motion and counsel responded in the affirmative. The judge denied the request.[1]

On appeal, Dennis argues since there was evidence he was merely present in the neighborhood during the crime, the judge should have instructed the jury on the law of "mere presence." We disagree.

---

[1] In *Dalon v. Golden Lanes,* 466 S.E. (2d) 368 (S.C. Ct. App. 1996) (Davis Adv. Sh. No. 2 at 30), we held that a request to charge made after the court has charged the jury comes too late.

The law to be charged must be determined from the evidence presented at trial. An instruction must not be given unless justified by the evidence. *State v. Cooney,* 320 S.C. 107, 463 S.E. (2d) 597 (1995). A defendant is entitled to a charge on "mere presence at the scene" only if the evidence supports it. *State v. Franklin,* 299 S.C. 133, 382 S.E. (2d) 911 (1989).

"Mere presence" is generally applicable in two circumstances. First, in instances where there is some doubt over whether a person is guilty of a crime by virtue of accomplice liability, the trial court may be required to instruct the jury that "a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act." *State v. Austin,* 299 S.C. 456, 385 S.E. (2d) 830 (1989); *see also State v. Leonard,* 292 S.C. 133, 355 S.E. (2d) 270 (1987) (to be liable as an aider or abetter, the participant must be chargeable with knowledge of the principal's criminal conduct; mere presence at the scene is not sufficient to establish guilt as an aider or abetter); *State v. Johnson,* 291 S.C. 127, 352 S.E. (2d) 480 (1987) (mere presence at the scene of a crime is insufficient to convict one as a principal on the theory of aiding and abetting). Secondly, "mere presence" is generally an issue where the State attempts to establish the defendant's possession of contraband because the defendant is present where the contraband is found. In such cases, the trial court may be required to charge the jury that the defendant's "mere presence" near the contraband does not establish his possession. *See, e.g., State v. Robinson,* 306 S.C. 399, 412 S.E. (2d) 411 (1991).

Because the State was not attempting to establish Dennis possessed any contraband by virtue of proximity, the second application of "mere presence" was not applicable. As to the application of the "mere presence" principle in the area of accomplice liability, Dennis denied even being at the scene of the robbery or the sexual assault; hence, there was never any issue of whether he was an accomplice, aider or abetter, or not liable at all because he was merely present without knowledge of the criminal conduct of another. As such, Dennis can show no prejudice resulting from the court's failure to charge mere presence.

Furthermore, there was ample evidence that if the jury found Dennis was present at all at the scene of the crime, he was more than merely present without knowledge of the criminal conduct. As noted, the victim identified Dennis as one of the assailants and picked his photograph out of a photographic lineup. Dennis's palm prints were recovered from the hood of the car used in the assault, he was found in the area of the assault the night of the assault, and he admitted he was with Major earlier, the same night of the assault. We hold, therefore, that under the facts of this case, Dennis was not entitled to a mere presence instruction.

Accordingly, the decision of the trial court is

Affirmed.

HOWELL, C.J. and CONNOR, J., concur.