THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 239(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 v.
 Hardy Lassiter, Appellant.
 
 
 

Appeal From Spartanburg County
 J. Derham Cole, Circuit Court Judge
Unpublished Opinion No. 2008-UP-688
Submitted December 1, 2008  Filed
 December 11, 2008
AFFIRMED

 
 
 
 Appellate Defender LaNelle C. DuRant, of Columbia, for Appellant.
 Attorney General Henry Dargan McMaster, Chief Deputy Attorney
 General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant
 Attorney General Deborah R.J. Shupe, all of Columbia; Solicitor Harold W.
 Gowdy, III, of Spartanburg, for Respondent.
 
 
 

PER CURIAM: Hardy
 Lassiter was convicted of two counts of armed robbery, two counts of possession
 of a firearm during the commission of a violent crime, and two counts of
 pointing and/or presenting a firearm.  On appeal, Lassiter argues the trial
 court erred in (1) refusing to suppress the clothing worn during the commission
 of the alleged robberies and (2) refusing to charge the jury on mere presence.
  We affirm[1] pursuant to Rule 220, SCACR, and the following
 authorities:
1.  The trial court did not
 err refusing to suppress Lassiters clothing because police seized the clothing
 while Lassiter was in police custody following a lawful arrest.  U.S. v.
 Robinson, 414 U.S. 218, 224 (1973) (It is well settled that a search
 incident to a lawful arrest is a traditional exception to the warrant
 requirement of the Fourth Amendment.); U.S. v. Edwards, 415 U.S. 800,
 803-04 (1974) ([B]oth the person and the property in his immediate possession
 may be searched at the station house after the arrest has occurred at another
 place and if evidence of crime is discovered, it may be seized and admitted in
 evidence.  Nor is there any doubt that clothing or other belongings may be
 seized upon arrival of the accused at the place of detention and later
 subjected to laboratory analysis or that the test results are admissible at
 trial.); Hudson v. Palmer, 468 U.S. 517, 528 (1984) (holding a prisoners
 expectation of privacy is diminished as a consequence of confinement).  
2.  The trial court did not
 err in failing to instruct the jury on mere presence because the evidence
 presented at trial did not support such an instruction.  State v. Lee-Grigg,
 374 S.C. 388, 405-06, 649 S.E.2d 41, 50 (Ct. App. 2007) (holding a trial court
 has a duty to give a requested instruction that is supported by the evidence
 and correctly states the law applicable to the issues);  State v. Stokes,
 339 S.C. 154, 163, 528 S.E.2d 430, 434 (Ct. App. 2000) (holding a mere presence
 instruction is applicable if there is a doubt over whether the defendant is
 guilty as an accomplice to a crime); State v. Dennis, 321 S.C. 413, 420,
 468 S.E.2d 674, 678 (Ct. App. 1996) (holding mere presence applies where the
 defendant is charged with possession of contraband as a result of being present
 where contraband was found); State v. Baccus, 367 S.C. 41, 55, 625
 S.E.2d 216, 223 (2006) (When guilt is conclusively proven by competent
 evidence, such that no other rational conclusion could be reached, this [c]ourt
 will not set aside a conviction for insubstantial errors not affecting the
 result).  We believe neither mere presence situation applies to the present
 case, and in any event believe the State proved Lassiters guilt conclusively
 by competent evidence.
AFFIRMED.
WILLIAMS,
 PIEPER, and GEATHERS, JJ., concur.

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.