689 S.E.2d 643

**The STATE, Respondent,**

v.

**Wiley Post JAMES, Appellant.**

**No. 4650.**

Court of Appeals of South Carolina.

Submitted Jan. 4, 2010.

Decided Feb. 11, 2010.

---

Appellate Defender Elizabeth A. Franklin–Best, of Columbia, for Appellant.

Attorney General Henry Dargan McMaster, Chief Deputy Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W. Elliott, Assistant Attorney General A. West Lee, all of Columbia; Solicitor Cecil Kelly Jackson, of Sumter, for Respondent.

WILLIAMS, J.

James appeals his conviction for distribution of cocaine base, arguing the trial court failed to instruct the jury on mere presence because evidence was presented that tended to show James was present but did not sell drugs. We affirm.

## FACTS

On September 14, 2005, Officer Beth Foxworth (Foxworth) of the Sumter County police department was working undercover near the Clarendon County line in search of persons selling crack cocaine. A confidential informant (the CI) accompanied Foxworth in her car that day. Wiley Post James (James) was sitting in a yellow and white Oldsmobile across the street from where Foxworth's car was parked. Upon observing James's car, Foxworth hailed James over to her car.

Foxworth asked James if he had "a twenty," to which James responded, "What kind?" At that point, the CI said, "pow-

der," referring to powder cocaine, to which James responded, "No." Foxworth then asked James if he had "twenty hard," referring to crack cocaine, to which James responded, "Yes." At that point, Foxworth handed twenty dollars to James and he handed her a quantity of crack cocaine. Foxworth testified James was the only person around at the scene and that he was the only person who sold her the crack cocaine. Foxworth also testified she distinctly remembered a tattoo of a little girl's face on the inner left arm of the man who sold her the crack. At trial, Foxworth was shown the defendant's left arm and stated it was the same tattoo she saw on the day of the transaction. In addition to Foxworth's testimony, the jury was shown video tape recordings taken by a camera mounted inside Foxworth's patrol car of the alleged transaction.

James was found guilty of distributing cocaine base and sentenced to fifteen years imprisonment. This appeal followed.

## ANALYSIS

James admits he walked over to Foxworth's car but denies he distributed crack cocaine to Foxworth. On appeal, James argues the trial court erred by not charging mere presence when the facts of the case warranted such an instruction. We disagree.

The law to be charged to the jury is to be determined by the evidence presented at trial. *State v. Lee,* 298 S.C. 362, 364, 380 S.E.2d 834, 835 (1989). The trial court commits reversible error when it fails to give a requested charge on an issue raised by the indictment and the evidence presented. *Id.* The defendant is entitled to a mere presence charge if the evidence supports it. *State v. Franklin,* 299 S.C. 133, 141, 382 S.E.2d 911, 915 (1989). The failure to charge "mere presence" may constitute reversible error. *Lee,* 298 S.C. at 364, 380 S.E.2d at 835.

In *State v. Dennis,* 321 S.C. 413, 420, 468 S.E.2d 674, 678 (Ct.App.1996), this court held:

'Mere presence' is generally applicable in two circumstances. First, in instances where there is some doubt over whether a person is guilty of a crime by virtue of accomplice

> liability, the trial court may be required to instruct the jury that a person must personally commit the crime or be present at the scene of the crime intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act. Secondly, mere presence is generally an issue where the state attempts to establish the defendant's possession of contraband because the defendant is present where the contraband is found. In such cases, the trial court may be required to charge the jury that the defendant's mere presence near the contraband does not establish possession.

(internal citations omitted)(internal quotations omitted).

We find neither of the two situations described in *Dennis* is applicable to this case and, therefore, the trial court did not err in refusing to charge mere presence.

A charge of mere presence was not warranted under an accomplice liability theory for two reasons. First, the State's theory of the case did not involve accomplice liability. Foxworth maintained James was the only other person in the area at the time she came into possession of the crack cocaine. Second, we find James's position that he was merely present at the scene of a crime but did not commit the crime untenable considering the fact that defense counsel conceded there was no evidence that anyone other than James was present at the scene. Therefore, because there was no evidence of accomplice liability, a charge of mere presence on that basis was not necessary. *See State v. Stokes,* 339 S.C. 154, 164, 528 S.E.2d 430, 435 (Ct.App.2000) (holding where the State's view of the evidence was defendant was the only person present and committed the crime alone, a charge of mere presence on the basis of accomplice liability is unnecessary).

Furthermore, a charge of mere presence was also not warranted under a possession theory. "[M]ere presence instructions are required where the evidence presented at trial reasonably supports the conclusion that the defendant was merely present at the scene where drugs were found, but it was questionable whether the defendant had a right to exercise dominion and control over them." *Lee,* 298 S.C. at 364–65, 380 S.E.2d at 836. However, "a charge on mere presence is necessary only when the state attempts to establish con-

structive possession of contraband." *State v. Peay,* 321 S.C. 405, 411, 468 S.E.2d 669, 673 (Ct.App.1996). In this case, the State did not seek to establish that James was in possession of cocaine. Therefore, a mere presence charge was not necessary. *See Dennis,* 321 S.C. at 420, 468 S.E.2d at 678 ("Because the State was not attempting to establish Dennis possessed any contraband by virtue of proximity, the second application of 'mere presence' was not applicable.").

## CONCLUSION

Accordingly, the trial court's decision is

**AFFIRMED.**[1]

PIEPER and LOCKEMY, JJ., concur.

---

1. We decide this case without oral argument pursuant to Rule 215, SCACR.