THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Billy Walter Winchester, Appellant.
 
 
 

Appeal From Oconee County
 Alexander S. Macaulay, Circuit Court
Judge

Unpublished Opinion No.  2011-UP-304  
 Submitted June 1, 2011  Filed June 17,
2011

AFFIRMED

 
 
 
  Appellate Defender Elizabeth
 Franklin-Best, of Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General Deborah Shupe, all of Columbia; and Solicitor
 Christina T. Adams, of Anderson, for Respondent.
 
 
 

PER CURIAM:  Billy
 Walter Winchester appeals his conviction for resisting arrest with a deadly
 weapon, arguing the circuit court erred in (1) denying Winchester's motion for
 a directed verdict on the ground that the State failed to prove he possessed
 the requisite mens rea; and (2) denying Winchester's request for a jury charge
 that Winchester did not know police officers were attempting to serve an arrest
 warrant on him.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities:
1.  As to whether the circuit
 court erred in denying Winchester's motion for a directed verdict on the ground
 that the State failed to prove he possessed the requisite mens rea:  State
 v. Weston, 367 S.C. 279, 292-93, 625 S.E.2d 641, 648 (2006) (holding in the
 review of the denial of a defendant's directed verdict motion "if there is
 any direct evidence or any substantial circumstantial evidence reasonably
 tending to prove the guilt of the accused, the [appellate c]ourt must find the
 case was properly submitted to the jury").  
2.  As to whether
 the circuit court erred in denying
 Winchester's request for a jury charge:  State v. Robinson, 306 S.C.
 399, 401, 412 S.E.2d 411, 413 (1991) ("The [circuit court] must
 charge the jury with the 'current and correct law' of the State.");  State
 v. Brown, 362 S.C. 258, 262, 607 S.E.2d 93, 95 (Ct. App. 2004) ("To
 warrant reversal, [the circuit court's] refusal to give a requested jury charge
 must be both erroneous and prejudicial to the defendant.").  
AFFIRMED.
HUFF,
 WILLIAMS, and THOMAS, JJ., concur.  

[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.