THIS OPINION HAS NO
 PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY
 PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 The State, Respondent,
 
 
 

v.

 
 
 
 Brian A.
 Clarke, Appellant.
 
 
 

Appeal From Lexington County
R. Knox McMahon, Circuit Court Judge

Unpublished Opinion No. 2012-UP-142
 Submitted February 1, 2012  Filed
February 29, 2012    

AFFIRMED

 
 
 
 Appellate Defender Tristan M. Shaffer, of
 Columbia, for Appellant.
 Attorney General Alan Wilson, Chief Deputy
 Attorney General John W. McIntosh, Assistant Deputy Attorney General Salley W.
 Elliott, and Assistant Attorney General David Spencer, all of Columbia; and
 Solicitor Donald V. Myers, of Lexington, for Respondent.
 
 
 

PER CURIAM: Brian
 A. Clarke appeals his conviction for discharging a firearm into a dwelling,
 arguing the trial court erred in denying his request for a mere presence jury
 charge.  We affirm[1] pursuant to Rule 220(b)(1), SCACR, and the following authorities: Rule 20(a),
 SCRCrimP ("All requests for legal instructions to the jury shall be
 submitted at the close of the evidence . . . ."); Rule 20(b), SCRCrimP
 ("[T]he parties shall be given the opportunity to object to the giving or
 failure to give an instruction before the jury retires, but out of the hearing
 of the jury. Any objection shall state distinctly the matter objected to and
 the grounds for objection. Failure to object in accordance with this rule shall
 constitute a waiver of objection."); Gilchrist v. State, 364 S.C.
 173, 178, 612 S.E.2d 702, 705 (2005) ("[T]rial counsel's submission of the
 request to charge, without any further explanation of his point, was
 insufficient to preserve for review the trial court's failure to charge the
 specific language regarding 'a right to act on appearances.'"); State
 v. Dennis, 321 S.C. 413, 420, 468 S.E.2d 674, 678 (Ct. App. 1996)
 ("The law to be charged must be determined from the evidence presented at
 trial.  An instruction must not be given unless justified by the evidence.  A
 defendant is entitled to a charge on mere presence at the scene only if the
 evidence supports it." (citations and quotation marks omitted)); id. (finding the mere presence jury charge is appropriate only when some doubt
 exists over whether a person is guilty of a crime by virtue of accomplice
 liability or the State attempts to establish the defendant's possession of
 contraband because the defendant is present where the contraband is found).
AFFIRMED.
PIEPER,
 KONDUROS, and GEATHERS, JJ., concur.

[1] We decide this
 case without oral argument pursuant to Rule 215, SCACR.