**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Daron Duane Davis, Appellant.

Appellate Case No. 2012-213571

―――――――――

Appeal From Greenville County
Edward W. Miller, Circuit Court Judge

―――――――――

Unpublished Opinion No. 2015-UP-264
Heard April 15, 2015 – Filed May 20, 2015

―――――――――

**AFFIRMED**

―――――――――

Justin Martin Kata, of The Giese Law Firm, LLC, and
Chief Appellate Defender Robert Michael Dudek, both of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior
Assistant Deputy Attorney General Deborah R.J. Shupe,
both of Columbia; and Solicitor William Walter Wilkins,
III, of Greenville, for Respondent.

―――――――――

**PER CURIAM:**  Daron Davis appeals his conviction for homicide by child abuse, arguing the trial court erred in (1) failing to grant a directed verdict; (2) failing to charge mere presence; and (3) admitting photographs of the victim (Victim).  We affirm.

1.  We find the trial court did not err in declining to grant Davis's motion for a directed verdict.  "When ruling on a motion for a directed verdict, the trial court is concerned with the existence or nonexistence of evidence, not its weight."  *State v. Cherry*, 361 S.C. 588, 593, 606 S.E.2d 475, 477-78 (2004).  "A defendant is entitled to a directed verdict when the [S]tate fails to produce evidence of the offense charged."  *Id.* at 593, 606 S.E.2d at 478.  "When reviewing a denial of a directed verdict, this [c]ourt must view the evidence and all reasonable inferences in the light most favorable to the [S]tate."  *Id.*  "If there is any direct evidence or any substantial circumstantial evidence reasonably tending to prove the guilt of the accused, an appellate court must find the case was properly submitted to the jury."  *Id.* at 593-94, 606 S.E.2d at 478.  "The circuit court should not refuse to grant the directed verdict motion when the evidence merely raises a suspicion that the accused is guilty."  *Id.* at 594, 606 S.E.2d at 478.

In viewing the evidence in the light most favorable to the State, we find substantial evidence supports the trial court's decision to send the case to the jury.  Initially, we note the State presented direct evidence showing Victim was under Davis's exclusive, care, custody, and control at the time the incident occurred.  In view of this direct evidence, the State provided substantial circumstantial evidence showing Davis committed the homicide by child abuse.  The record establishes someone intentionally inflicted Victim's injuries between 10:00 p.m. on January 18, 2011, and 7:00 a.m. on January 19, 2011.  Davis admitted no other person entered the home or handled Victim.  Therefore, either Shalita Dawkins, Victim's mother (Mother) or Davis inflicted the injuries.  The record contains evidence Mother had no contact with Victim in the twelve hours preceding her death.  Once Davis's exclusive care, custody, and control of Victim was established, and in the absence of any alternative explanation, a rational jury could infer beyond a reasonable doubt that Davis inflicted the skull fracture and retinal injuries that caused Victim's death.  *State v. Smith*, 359 S.C. 481, 492, 597 S.E.2d 888, 894 (Ct. App. 2004); *cf. State v. Hepburn*, 406 S.C. 416, 440, 753 S.E.2d 402, 415 (2013) (finding the State did not present substantial evidence showing Hepburn caused the child's death); *id.* ("Every State witness placed Appellant asleep at the time the victim sustained the fatal injuries.  While undoubtedly present at the scene, the only inference that can be drawn from the State's case is that one of the two co-

defendants inflicted the victim's injuries, but not that *Appellant* harmed the victim.").

2.  We find the trial court did not err in declining to instruct the jury on mere presence.  "The law to be charged must be determined from the evidence presented at trial.  An instruction must not be given unless justified by the evidence." *State v. Dennis*, 321 S.C. 413, 420, 468 S.E.2d 674, 678 (Ct. App. 1996).  "A defendant is entitled to a charge on 'mere presence at the scene' only if the evidence supports it." *Id.*  Generally, "mere presence" is applicable in two circumstances: (1) "in instances where there is some doubt over whether a person is guilty of a crime by virtue of accomplice liability" and (2) "where the State attempts to establish the defendant's possession of contraband because the defendant is present where the contraband is found." *Id.*

Whether Davis was an accomplice, aider, or abetter, or not liable at all because he was merely present without knowledge of the criminal conduct of another is not an issue.  Moreover, the State did not attempt to convict Davis on an accomplice liability theory.  Under the State's view of the evidence, Davis was the sole person responsible for the crime as Mother was never charged because she had no contact with Victim after leaving for work at 2:15 p.m. on January 18, 2011.  Conversely, Davis simply maintained "nothing happened on [his] clock."  As with the directed verdict issue, either Davis acted alone or a different person inflicted the injury.  No evidence indicates anyone other than Davis intentionally inflicted Victim's injuries.  Accordingly, no evidence supports a mere presence charge.  Furthermore, Davis stated Victim was "fine when I took P.A. to the bus stop" and "[i]f something happened it happened while I was at the bus stop obviously."  Consequently, by Davis's own statement, a mere presence charge is inapplicable here because Davis contends he was away from the home when the injury occurred.

3.  We find the trial court did not err in admitting an autopsy photograph and two photographs of Victim receiving treatment at the hospital.  "The relevancy, materiality, and admissibility of photographs as evidence are matters left to the sound discretion of the trial court." *State v. Nance*, 320 S.C. 501, 508, 466 S.E.2d 349, 353 (1996).  "If the offered photograph serves to corroborate testimony, it is not an abuse of discretion to admit it." *Id.*  "A trial [court]'s decision regarding the comparative probative value and prejudicial effect of evidence should be reversed only in exceptional circumstances." *State v. Lyles*, 379 S.C. 328, 338, 665 S.E.2d 201, 207 (Ct. App. 2008) (internal quotation marks omitted).

The autopsy photograph was necessary to corroborate the testimony regarding the extent of the skull fracture. Admittedly, the photograph is disturbing to view as it clearly shows Victim's skin pulled back and exposed skull. However, the gruesomeness of the photo does not necessarily render the photograph inadmissible. *State v. Collins*, 409 S.C. 524, 535-36, 763 S.E.2d 22, 28 (2014). Importantly, out the "hundreds" of autopsy photographs, the State presented only the least inflammatory photograph depicting the same injury.

As to the hospital photographs, the prejudice presented by the photographs does not outweigh the probative value. The photographs were probative because they corroborate all of the State's witnesses' testimonies regarding the lack of external injuries. The forensic pathologist opined someone struck Victim with something hard enough to fracture the skull but soft enough not to leave external injuries. Although several witnesses testified Victim had no external injuries, the fact that Victim suffered such a large skull fracture seems close to impossible without any indication of a single external injury. Even in viewing the photographs, it is difficult to imagine how there were no external injuries and Mother did not notice Victim suffered such grave internal injuries. Therefore, it was important for the jury to actually see that Victim had no external injuries. *See State v. Bennett*, 369 S.C. 219, 228-29, 632 S.E.2d 281, 286-87 (2006) (affirming the trial court's admission of hospital photographs of the victim that were introduced to show the extent of the victim's injuries); *State v. Martucci*, 380 S.C. 232, 250, 669 S.E.2d 598, 608 (Ct. App. 2008) ("The photographs were relevant to prove Child was abused, that the abuse was the cause of his death, and that the abuse manifested an extreme indifference to human life, all of which support the charge of homicide by child abuse. Furthermore, the photographs were necessary to depict the severity of the bruises and the resulting trauma, which was inconsistent with accidental injury or play. The photographs were relevant and necessary, and they were not introduced with the intent to inflame, elicit the sympathy of, or prejudice the jury. The trial [court] did not abuse [its] discretion in admitting the photographs." (citation omitted)).

**AFFIRMED.**

**THOMAS and KONDUROS, JJ., and CURETON, A.J., concur.**