**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Torren Marquize Eady, Appellant.

Appellate Case No. 2014-000375

Appeal From Charleston County
J.C. Nicholson, Jr., Circuit Court Judge

Unpublished Opinion No. 2016-UP-288
Submitted January 1, 2016 – Filed June 15, 2016

**AFFIRMED**

Chief Appellate Defender Robert Michael Dudek, of
Columbia, for Appellant.

Attorney General Alan McCrory Wilson, Chief Deputy
Attorney General John W. McIntosh, Senior Assistant
Deputy Attorney General Donald J. Zelenka, and Senior
Assistant Attorney General Melody Jane Brown, all of
Columbia; and Solicitor Scarlett Anne Wilson, of
Charleston, for Respondent.

**PER CURIAM:**  Torren Marquize Eady appeals his convictions for murder, attempted murder, and possession of a weapon during a violent crime, arguing the trial court erred in (1) refusing to charge the jury on mere presence and mere association and (2) permitting a witness to provide speculative testimony.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.  As to whether the trial court erred in refusing to charge the jury on mere presence and mere association: *State v. Commander*, 396 S.C. 254, 270, 721 S.E.2d 413, 421-22 (2011) ("An appellate court will not reverse the trial [court's] decision regarding a jury charge absent an abuse of discretion." (quoting *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010))); *State v. James*, 386 S.C. 650, 653, 689 S.E.2d 643, 645 (Ct. App. 2010) ("The defendant is entitled to a mere presence charge if the evidence supports it."); *id.* at 653-54, 689 S.E.2d at 645 (stating a mere presence charge is applicable when "there is some doubt over whether a person is guilty of a crime by virtue of accomplice liability" (quoting *State v. Dennis*, 321 S.C. 413, 420, 468 S.E.2d 674, 678 (Ct. App. 1996))); *id.* at 653-54, 689 S.E.2d at 645 (holding a mere presence charge was not warranted when the State's theory did not involve accomplice liability).

2.  As to whether the trial court erred in permitting a witness to provide speculative testimony: *State v. Pagan*, 369 S.C. 201, 208, 631 S.E.2d 262, 265 (2006) ("The admission of evidence is within the discretion of the trial court and will not be reversed absent an abuse of discretion."); Rule 701, SCRE (stating a lay witness may testify to opinions or inferences that are rationally based on the perception of the witness, helpful to the determination of a fact in issue, and do not require special knowledge, skill, experience, or training); *State v. Williams*, 321 S.C. 455, 463-64, 469 S.E.2d 49, 54 (1996) (finding the trial court did not abuse its discretion in admitting testimony that the victim must have provided the defendant with bad crack cocaine or broken his crack cocaine because the witness's opinion was rationally based on the events that transpired and was helpful to the jury's determination of the defendant's motive).

**AFFIRMED.**[1]

**HUFF, SHORT and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.