**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Vanessa Laquetta Frayer, Appellant.

Appellate Case No. 2015-001823

———

Appeal From Charleston County
Michael G. Nettles, Circuit Court Judge

———

Unpublished Opinion No. 2016-UP-511
Submitted November 1, 2016 – Filed December 14, 2016

———

**AFFIRMED**

———

Appellate Defender Laura Ruth Baer, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Jennifer Ellis Roberts, both of Columbia; and Solicitor Scarlett Anne Wilson, of Charleston, for Respondent.

———

**PER CURIAM:** Affirmed pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Baccus*, 367 S.C. 41, 48, 625 S.E.2d 216, 220 (2006) ("In criminal cases, the appellate court sits to review errors of law only."); *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 584 (2010) ("An appellate court will not reverse the trial [court]'s decision regarding a jury charge absent an abuse of discretion."); *State v. Lee*, 298 S.C. 362, 364, 380 S.E.2d 834, 835 (1989) ("The law to be charged to the jury is to be determined by the evidence presented at trial."); *State v. Dennis*, 321 S.C. 413, 420, 468 S.E.2d 674, 678 (Ct. App. 1996) ("'Mere presence' is generally applicable in two circumstances. First, in instances where there is some doubt over whether a person is guilty of a crime by virtue of accomplice liability, the trial court may be required to instruct the jury that 'a person must personally commit the crime or be present at the scene of the crime and intentionally, or through a common design, aid, abet, or assist in the commission of that crime through some overt act.' Secondly, 'mere presence' is generally an issue where the State attempts to establish the defendant's possession of contraband because the defendant is present where the contraband is found. In such cases, the trial court may be required to charge the jury that the defendant's 'mere presence' near the contraband does not establish his possession." (internal citations omitted) (quoting *State v. Austin*, 299 S.C. 456, 459, 385 S.E.2d 830, 832 (1989)); *State v. James*, 386 S.C. 650, 654-55, 689 S.E.2d 643, 645-46 (Ct. App. 2010) (holding a mere presence jury charge not appropriate without theories of accomplice liability or constructive possession).

**AFFIRMED.**[1]

**WILLIAMS, THOMAS, and GEATHERS, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.