**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

## THE STATE OF SOUTH CAROLINA
### In The Court of Appeals

The State, Respondent,

v.

Philenza Pritchett, Appellant.

Appellate Case No. 2014-001920

Appeal From Beaufort County
Brooks P. Goldsmith, Circuit Court Judge

Unpublished Opinion No. 2016-UP-523
Submitted November 1, 2016 – Filed December 21, 2016

**AFFIRMED**

Appellate Defender Lara Mary Caudy, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Senior Assistant Deputy Attorney General Deborah R.J. Shupe, both of Columbia, and Solicitor Isaac McDuffie Stone, III, of Bluffton, for Respondent.

**PER CURIAM:** Philenza Pritchett appeals his convictions for armed robbery, kidnapping, conspiracy, unlawful carrying of a pistol, and possession of a weapon

during the commission of a violent crime.  He argues the trial court erred in (1) admitting a witness's out-of-court and in-court identifications of Pritchett in violation of his due process rights and (2) declining to charge mere presence in reference to the unlawful carrying of a pistol charge when the hand of one is the hand of all theory was charged to the jury and the evidence presented supported giving a mere presence charge.  We affirm pursuant to Rule 220(b), SCACR, and the following authorities:

1.      As to whether the trial court erred in admitting a witness's out-of-court and in-court identifications of Pritchett in violation of his due process rights:  *State v. Govan*, 372 S.C. 552, 559-60, 643 S.E.2d 92, 96 (Ct. App. 2007) (finding the in-court identification was reliable independent of the show-up identification when the restaurant employees viewed Govan in a well-lit building; the witness was immediately next to and in direct contact with Govan for the duration of the robbery as he held her by the arm and put a gun to her head; the witness had significant opportunity to view Govan at a time when her attention would have been heightened; Govan's appearance at the time of the show-up was consistent with the witness's prior description of him, and she stated she was certain Govan was the man who robbed her; and the show-up occurred within forty-five minutes of the robbery); *State v. Brown*, 356 S.C. 496, 506, 589 S.E.2d 781, 786 (Ct. App. 2003) (finding the witness's pre-trial identification of Brown was reliable under the totality of the circumstances); *State v. Liverman*, 398 S.C. 130, 141, 727 S.E.2d 422, 427 (2012) (finding the witness' prior knowledge of the defendant was a "significant factor in determining reliability" and mitigates the "suggestive nature of a show-up").

2.      As to whether the trial court erred in declining to charge mere presence in reference to the unlawful carrying of a pistol charge when the hand of one is the hand of all theory was charged to the jury and the evidence presented supported giving a mere presence charge:  *State v. Mattison*, 388 S.C. 469, 479, 697 S.E.2d 578, 583 (2010) ("To warrant reversal, a trial judge's refusal to give a requested jury charge must be both erroneous and prejudicial to the defendant."); *State v. James*, 386 S.C. 650, 653, 689 S.E.2d 643, 645 (Ct. App. 2010) ("The defendant is entitled to a mere presence charge if the evidence supports it."); *State v. Stokes*, 339 S.C. 154, 163, 528 S.E.2d 430, 434-35 (Ct. App. 2000) ("Generally, a mere presence charge is appropriate under two circumstances":  (1) "if there is a doubt over whether the defendant is guilty as an accomplice to a crime, the trial court may be required to instruct the jury that mere presence at the scene is insufficient to find the defendant guilty as an aider or abettor"; and (2) "in cases where the

defendant is charged with possession of contraband as a result of being present where contraband was found, the court may be required to charge the jury that the defendant cannot be found guilty of possession of contraband by being merely present near it.").

**AFFIRMED.[1]**

**HUFF and SHORT, JJ., and MOORE, A.J., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.